ROME ET AL., APPELLEES, *v.* FLOWER MEMORIAL HOSPITAL ET AL., APPELLANTS.

EAGER ET AL., APPELLEES, *v.* ST. VINCENT
MEDICAL CENTER ET AL., APPELLANTS.

[Cite as *Rome v. Flower Mem. Hosp.* (1994), 70 Ohio St.3d 14.]

(No. 93–1517—Submitted May 17, 1994—Decided August 3, 1994.)

*Newcomer & McCarter, C. Thomas McCarter* and *Gary E. Horn,* for appellees Barbara and Eddie Rome.

*Newcomer, Shaffer, Bird & Spangler* and *John S. Shaffer,* for appellees Harold and Gladys Eager.

*Robison, Curphey & O'Connell* and *James E. Brazeau,* for appellants Flower Memorial Hospital and St. Vincent Medical Center.

FRANCIS E. SWEENEY, SR., J.   The sole issue before this court is whether the term "medical claim" as defined in R.C. 2305.11 includes a claim for a hospital employee's negligent use of hospital equipment while caring for a patient which allegedly results in an injury to the patient.   For the following reasons, we find that these cases involve "medical claims" and, accordingly, we reverse the judgment of the court of appeals.

Ordinarily a plaintiff has two years to file a lawsuit for personal injury (R.C. 2305.10).   Nevertheless, if the injury is based on a "medical claim," the plaintiff

has one year to file his action (R.C. 2305.11[B][1] ). The term "medical claim" is defined in R.C. 2305.11(D)(3) as follows:

" 'Medical claim' means any claim that is asserted in any civil action against a physician, podiatrist, or hospital, against any employee or agent of a physician, podiatrist, or hospital, or against a registered nurse or physical therapist, and that arises out of the medical diagnosis, care, or treatment of any person. 'Medical claim' includes derivative claims for relief that arise from the medical diagnosis, care, or treatment of a person."

In *Browning v. Burt* (1993), 66 Ohio St.3d 544, 557, 613 N.E.2d 993, 1003–1004, we recently recognized that the language of R.C. 2305.11 is readily understandable and that resort to legislative history is not needed to apply the statute. This court held that "care" as used in R.C. 2305.11(D)(3) (where the word is preceded by terms such as "physician," "hospital," "nurse," and "medical diagnosis") means "the prevention or alleviation of a physical or mental defect or illness." *Id.* The terms "medical diagnosis" and "treatment" relate to the "identification and alleviation of a physical or mental illness, disease, or defect." *Id.*

Appellees Rome contend that the act of placing a patient upon a table for radiological purposes does not constitute "medical diagnosis, care, or treatment" within the meaning of R.C. 2305.11(D)(3), but is rather a claim of common-law negligence which should be governed by the two-year statute of limitations found in R.C. 2305.10 for bodily injury. However, we find that the process of securing Barbara Rome to a radiology table is ancillary to and an inherently necessary part of the administration of the X-ray procedure which was ordered to identify and alleviate her medical complaints. Furthermore, at the time of her injury, Mrs. Rome was a patient at Flower and was being assisted by an employee of Flower, which employee was required to exercise a certain amount of professional expertise in preparing the patient for X-ray. Accordingly, we conclude that Rome's claim arises out of "medical diagnosis, care, or treatment" relating to the identification and alleviation of a physical or mental illness, disease, or defect. Thus, her claim is a medical claim and is barred by the one-year statute of limitations, R.C. 2305.11(B)(1).

Appellee Harold Eager was a patient at St. Vincent Medical Center who was injured when his wheelchair collapsed while he was being transported from physical therapy. This therapy was ordered by his physician as part of his rehabilitation from knee surgery. Following standard practice, a hospital employee took Eager to and from the physical therapy department in a wheelchair. Thus, we find that the transport of Eager from physical therapy was ancillary to and an inherently necessary part of his physical therapy treatment. Furthermore, Eager was a patient of St. Vincent Medical Center and was assisted by an employee of St. Vincent who was required to use a certain amount of professional

skill in transporting the patient in the wheelchair. Clearly, this transport arose out of Eager's physical therapy treatment. Accordingly, we conclude that Eager's injury resulted from his "care, or treatment" while at St. Vincent Medical Center and, thus, is a medical claim barred by the one-year statute of limitations, R.C. 2305.11(B)(1).

Accordingly, the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS and WRIGHT, JJ., concur.

BOWMAN and PFEIFER, JJ., dissent.

DONNA BOWMAN, J., of the Tenth Appellate District, sitting for RESNICK, J.

PFEIFER, J., dissenting. I dissent from the majority's holding that these cases involve medical claims. According to R.C. 2305.11(D)(3), a medical claim is a claim that "arises out of the medical diagnosis, care, or treatment of any person," and the causes of the injuries in these two cases are at least one step removed from diagnosis, care, or treatment. While being placed on an X-ray table and being transported in a wheelchair are tangentially related to medical care, they do not constitute medical care themselves. A claim sounding in negligence does not become a medical claim simply because the injury arises in a hospital. Thus, I would hold that the two-year statute of limitations for personal injury actions applies to the claims brought in these cases.

BOWMAN, J., concurs in the foregoing dissenting opinion.