GREENSTREET, Appellant,

v.

BICKERS, Appellee.

[Cite as *Greenstreet v. Bickers* (1994), 97 Ohio App.3d 610.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 66680.

Decided Oct. 12, 1994.

*Richard L. Greenstreet, pro se.*

*Jacobson, Maynard, Tuschman & Kalur, Steven J. Hupp* and *Linda A. Epstein,* for appellee.

*Per Curiam.*

Plaintiff-appellant, Richard L. Greenstreet, appeals from the partial dismissal and partial granting of summary judgment by the Court of Common Pleas of Cuyahoga County in favor of defendant-appellee, David R. Bickers, M.D. Appellant challenges these rulings based upon the applicable statute of limitations and the availability of the Lanham Act, Section 1125(A), Title 15, U.S.Code ("Lanham Act"). A careful review of the record compels affirmance.

Appellant filed a complaint in South Euclid Municipal Court on November 25, 1991 for "breach of contract action for faulty medical treatment." Appellee and M. Tarif Zaim, M.D., were named as defendants. Appellee and Zaim filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(1) since appellant failed to attach an affidavit as required by R.C. 2307.42(C). Appellant requested that the action be transferred to the Court of Common Pleas of Cuyahoga County on April 24, 1992. The municipal court, on April 28, 1992, granted appellee's and Zaim's motion to dismiss, denied the motion to transfer, and dismissed appellant's complaint without prejudice.

Appellant filed the instant action in the court of common pleas on June 22, 1993 solely against appellee. The caption on the complaint provides, "CAUSES OF ACTION: VIOLATIONS OF THE LANHAM ACT 15 U.S.C. SECTION 1125(a) PRIOR TO AMENDMENT EFFECTIVE NOVEMBER 16, 1989; FRAUD (SEPARATE AND DISTINCT FROM MEDICAL MALPRACTICE) * * *." The alleged behavior and/or statements of appellee which prompted appellant to file the complaint are: (1) appellant sought treatment for a lesion on his chin; (2) he related to appellee that he did not want a scar; (3) appellee agreed that no scar would be produced by any procedure performed by him; (4) appellant agreed to treatment by appellee; (5) a scar was produced which required plastic surgery. Appellant claimed, therefore, that appellee's assurance that no scar would be produced was false, and, therefore, actionable under the Lanham Act and/or principles of fraud.

In addition to an answer, appellee filed a motion for summary judgment on September 21, 1993 and a partial motion to dismiss appellant's Lanham Act claim on October 21, 1993. In the former, appellee submitted that appellant's "fraud claim" is actually a "medical claim" under R.C. 2305.11(D)(3). Appellee thus argued that appellant failed to refile his case within the limitations period provided by the savings statute, R.C. 2305.19, following the municipal court's dismissal of appellant's original action on April 28, 1992. Appellee, in the partial

motion to dismiss, asserted that the Lanham Act is not applicable to claims involving medical services. The trial court granted both motions on December 1, 1993.

This accelerated appeal followed with appellant claiming as error:

"FIRST ALLEGATION OF ERROR

"The Trial Court errored [*sic* ] in granting summary judgment to defendant David R. Bickers on plaintiff's cause of action for fraud, separate and distinct from medical malpractice, as set forth in *Gaines v. Preterm–Cleveland, Inc.,* 33 O.S.3d 54, 514 N.E.2d 709 (Ohio 1987).

"SECOND ALLEGATION OF ERROR

"The Trial Court errored [*sic* ] in dismissing plaintiff's Lanham Act claim under 15 U.S.C. section 1125(a) based upon the single argument advanced by defendant that 'The Lanham Act only applies when a wrongdoer makes a false trade description, i.e., he intends his product to be taken for that of his competitors.' * * * *"

██ If an injury is based on a "medical claim," the plaintiff has one year to file his action. R.C. 2305.11(B)(1). If the plaintiff fails otherwise than upon the merits in an action commenced, and the time limited for the commencement of the action at the date of failure has expired, the plaintiff has one year to commence the action after said date. R.C. 2305.19. Accordingly, if appellant's claim against appellee herein is "medical" in nature, he failed to timely refile a complaint in the common pleas court because he had only until April 28, 1993 to do so.

This court must initially determine whether appellant's causes of action are medical claims under R.C. 2305.11(D)(3). In making this determination, we note that:

" '[C]ourts must look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded. The grounds for bringing the action are the determinative factors, the form is immaterial.' " *Love v. Port Clinton* (1988), 37 Ohio St.3d 98, 99, 524 N.E.2d 166, 167, quoting *Hambleton v. R.G. Barry Corp.* (1984), 12 Ohio St.3d 179, 183, 12 OBR 246, 249, 465 N.E.2d 1298, 1301; see *Ratcliffe v. Univ. Hosps. of Cleveland* (Mar. 11, 1993), Cuyahoga App. No. 61791, unreported, 1993 WL 69553.

The term "medical claim" is defined in R.C. 2305.11(D)(3) as follows:

" 'Medical claim' means *any claim* that is asserted in any civil action against *a physician,* * * * and that *arises out of the medical diagnosis, care, or treatment* of any person. 'Medical claim' includes derivative claims for relief that arise from the medical diagnosis, care, or treatment of a person." (Emphasis added.)

The Supreme Court of Ohio recently discussed this definition in *Browning v. Burt* (1993), 66 Ohio St.3d 544, 556–557, 613 N.E.2d 993, 1003:

"A careful reading of R.C. 2305.11(B)(1) and (D)(3) demonstrates that not all claims asserted against a hospital are 'medical claims' subject to the period of limitations set forth in R.C. 2305.11(B)(1). Rather, a claim against a hospital is a 'medical claim' within the meaning of R.C. 2305.11(D)(3), and is subject to the one-year limitation period set forth in R.C. 2305.11(B)(1), only if the claim arises out of the medical diagnosis, care, or treatment of a person. The terms 'medical diagnosis' and 'treatment' are terms of art having a specific and particular meaning *relating to the identification and alleviation of a physical or mental illness, disease, or defect.* [Citation omitted.] * * * " (Emphasis added.) See, also, *Rome v. Flower Mem. Hosp.* (1994), 70 Ohio St.3d 14, 635 N.E.2d 1239.

Appellant, in his first assignment of error, submits that his cause of action for "fraud" is not a medical claim pursuant to R.C. 2305.11(D)(3). In *Gaines v. Preterm–Cleveland, Inc.* (1987), 33 Ohio St.3d 54, 56, 514 N.E.2d 709, 712, the Supreme Court of Ohio stated:

"A physician's knowing misrepresentation of a material fact concerning a patient's condition, on which the patient justifiably relies to his detriment, may give rise to a cause of action in fraud independent from an action in medical malpractice. [Citations omitted.] The fraud action is separate and distinct from the medical malpractice action which stems from the surrounding facts where the decision to misstate the facts cannot be characterized as medical in nature."

The court, in reaching this conclusion, referred to the elements necessary to prove fraud, which are:

(1) a representation or, where there is a duty to disclose, concealment of a fact;

(2) which is material to the transaction at hand;

(3) made falsely, with knowledge of its falsity, or recklessness as to truth or falsity;

(4) with the intent of misleading another into relying on it;

(5) justifiable reliance upon the representation or concealment; and

(6) an injury proximately caused by such reliance. *Id.* at 55, 514 N.E.2d at 711.

Additionally, a promise to perform in the future is not capable of being a representation that is the basis for fraud absent a demonstration that at the time it was made, the promisor intended not to perform the promise. *Link v. Leadworks Corp.* (1992), 79 Ohio App.3d 735, 742–743, 607 N.E.2d 1140, 1144–

1146; *Freeman v. Westland Builders, Inc.* (1981), 2 Ohio App.3d 212, 217, 2 OBR 231, 236, 441 N.E.2d 283, 288.

The *Gaines* court in finding a cause of action for fraud independent of malpractice, stated, "[r]easonable minds could certainly conclude that the misstatement in the instant cause was prompted not by medical concerns but by motivations unrelated and even antithetical to appellant's physical well-being." *Id.*, 33 Ohio St.3d at 56, 514 N.E.2d at 712. The misstatement in *Gaines* which was not medical in nature was that an intrauterine device was removed from the patient when it still remained in her body. *Id.*

■ In the present case, we view appellant's cause of action as one for malpractice rather than an independent one for fraud as argued by him. We first reviewed appellant's complaint which he filed in the municipal court. Though he advised in the first sentence of the complaint that the action was not for "medical malpractice," he later set forth: *"Plaintiff believes that this request not to make a scar and the simple fact that the lesion was on the face placed upon Dr. Bickers an obligation to seek out and perform the least disfiguring medical procedure available."* (Emphasis *sic*.) Appellant likewise focused on the formation of the scar which required cosmetic surgery in the complaint filed in common pleas court. The leaving of a scar after a surgical procedure is an act which arises from the treatment of a party, and is thus medical in nature. R.C. 2305.11(D)(3); *Browning*. Appellant's claim was, therefore, barred since it was brought beyond the one-year savings statute limitation period afforded by R.C. 2305.19.

■ Assuming *arguendo* that appellant stated a distinct cause of action for fraud independent of his malpractice claim, he failed to offer evidence even concerning the first element for a fraud claim. Appellant refers to appellee's letter to Hadley Morgenstern–Clarren, M.D., dated June 27, 1989, to support his assertion that appellee made a false representation. The letter reads:

" * * * This 48 year-old gentleman was concerned about a slowly enlarging lesion on the left side of the mouth beneath the lip. He had previously been evaluated by a dermatologist elsewhere who performed a biopsy and left a 'scar' on the involved site. *The patient insisted that no scar be produced by any procedure that I would perform. * * * "* (Emphasis *sic* in copy attached to complaint.)

Appellant consistently quotes that portion of the letter highlighted which states, "no scar be produced by any procedure that I would perform" as appellee's misrepresentation. However, this court will not ignore the fact that the letter was written to a physician, not appellant; the letter reflects appellant's statement to appellee, and not vice versa; and the letter contains no statements

or promises on behalf of appellee that no scar would be produced by ensuing treatment. Appellant, therefore, fails to enlighten this court as to the representation *made by appellee* which may have been false.

Appellant's first assignment of error is overruled.

This court's ruling in appellant's first assignment of error, that his causes of action were based upon medical malpractice rather than principles of fraud, including an action under the Lanham Act, moots his second assignment of error. We thus need not review it. App.R. 12(A)(1)(c).

*Judgment affirmed.*

JAMES D. SWEENEY, P.J., HARPER and PORTER, JJ., concur.