BILTZ, Appellant,

v.

MARYMOUNT HOSPITAL et al., Appellees.

[Cite as *Biltz v. Marymount Hosp.* (1997), 120 Ohio App.3d 526.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70725.

Decided June 24, 1997.

*James J. McGrath,* for appellant.

*Arter & Hadden, Kris H. Treu, Jeffrey A. Healey* and *Irene C. Keyse–Walker,* for appellees.

*Per Curiam.*

Appellant's claim is a medical claim under R.C. 2305.11(D)(3), which states:

" 'Medical claim' means any claim that is asserted in any civil action against a physician, podiatrist, or hospital, against any employee or agent of a physician, podiatrist, or hospital, or against a registered nurse or physical therapist, and that arises out of the medical diagnosis, care, or treatment of any person."

In *Rome v. Flower Mem. Hosp.* (1994), 70 Ohio St.3d 14, 635 N.E.2d 1239, the Ohio Supreme Court interpreted this language to include actions arising from procedures that were "ancillary" and "inherently necessary" to the "identification and alleviation of a physical or mental illness, disease, or defect." *Id.* at 16, 635 N.E.2d at 1241. Specifically, the court held that an action arising from a fall from an x-ray table caused by the alleged negligence of the hospital's staff was a medical claim under R.C. 2305.11(D)(3). *Id.* at 16, 635 N.E.2d at 1241–1242.

■ In this case, Biltz alleged that he was placed on the hospital's emergency room bed by hospital staff to facilitate the diagnosis and treatment of his grand mal seizure. His claim against the hospital arises from the allegedly negligent use of medical equipment by hospital personnel. Under *Rome, supra,* the trial court correctly concluded that he presented a medical claim as defined by R.C. 2305.11(D)(3). Appellant's first assignment of error is overruled.

■ Because appellant's claim is a medical claim, R.C. 2305.11(B)(1) controls and its one-year statute of limitations applies. "In a medical malpractice case, the statute of limitations starts to run upon the occurrence of a 'cognizable event.' " *Flowers v. Walker* (1992), 63 Ohio St.3d 546, 549, 589 N.E.2d 1284, 1288; *Baliko v. Kuschnir* (July 25, 1996), Cuyahoga App. No. 69771, unreported, 1996 WL 417155.

■ A " 'cognizable event' is the occurrence of facts and circumstances which lead, or should lead, the patient to believe that the physical condition or injury of which she complains is related to a medical diagnosis, treatment, or procedure that the patient previously received." *Flowers,* 63 Ohio St.3d at 549, 589 N.E.2d at 1287. See, also, *Akers v. Alonzo* (1992), 65 Ohio St.3d 422, 425, 605 N.E.2d 1, 3 (Cognizable event is "some noteworthy event * * * which does or should alert a reasonable person-patient that an improper medical procedure, treatment *or diagnosis* has taken place." [Emphasis *sic.*] ).

■ We find that Biltz's fall constitutes a "cognizable event" under *Flowers, supra,* and that the applicable statute of limitations began to run on October 31, 1994. It is clear that both appellant and his family were aware of his fall contemporaneous with its occurrence. At that time, Biltz had the duty to

diligently investigate and determine (1) whether negligence was the proximate cause of his fall and (2) the identity of any tortfeasors. *Holmes v. Community College of Cuyahoga Cty.* (1994), 97 Ohio App.3d 678, 684, 647 N.E.2d 498, 501–502, citing *Flowers, supra.* In March 1995, appellant possessed knowledge of the facts that subsequently formed the basis of his complaint. Despite such knowledge, he declined to file this action until January 30, 1996. His failure to timely file the within action is fatal to his claim. R.C. 2305.11(B) bars his action, and we affirm the judgment of the trial court. Appellant's second assignment of error is not well taken.

*Judgment affirmed.*

PORTER, P.J., NAHRA and KARPINSKI, JJ., concur.