administration of the estate." R.C. 2113.06. Tyler died on January 28, 1999. Joy applied to be appointed administrator with will annexed on February 16, 1999. The court finds this to be a very timely application. The court finds Joy to be suitable.

Thus, the law of Ohio compels this court to appoint Joy. However, as a beneficiary trustee, the bank will be in a unique position to observe the actions of Joy and bring to the court's attention any actions it believes to be improper. The court cannot assume future improper or unsuitable conduct on the part of Joy in administering her mother's estate.

WHEREFORE, IT IS ORDERED that Jean Joy be appointed administrator with will annexed of the estate of Myrtle Tyler and that letters of authority shall be issued to her upon filing of a suitable bond.

*So ordered.*

**HEADLEY et al.**

v.

**MAXIM HEALTHCARE SERVICES, INC.**

Court of Common Pleas of Ohio,
Hamilton County.

No. A9802430.

Decided May 14, 1999.

**20**

*Benjamin, Yocum & Heather* and *Christopher Mulvaney*, for plaintiffs.

*Rendigs, Fry, Kiely & Dennis* and *Pamela W. Popp*, for defendant.

ANN MARIE TRACEY, Judge.

This matter comes before the court on the motion of defendant Maxim Healthcare Services, Inc. ("Maxim") for summary judgment pursuant to Civ.R. 56. The court has been fully advised, having reviewed the motion, memoranda, affidavit, testimony, and applicable law and having heard arguments of counsel.

The case arises from an injury plaintiff Cynthia Headley sustained April 30, 1996 when an employee of Maxim, Jacqueline Belle, was attempting to use a Hoyer lift to transport Headley to the shower. Headley fell when the legs of the lift gave way due, she says, to improper placement by Belle. Belle provided care services for Headley, a quadriplegic, in Headley's home.

The basis of defendant Maxim's motion is that the claim here is one of medical malpractice, which the plaintiff failed to file within the one-year statute of limitations for such claims. (Defendant has conceded the other basis of the motion based on the Lewis affidavit.)

In considering a motion for summary judgment, the narrow question the court must decide is whether there is a "genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Civ.R. 56(C). The court cannot try issues of fact on a Civ.R. 56 motion, but is empowered to determine only whether there are any issues to be tried. *In re Atlas Concrete Pipe, Inc.* (C.A.6, 1982), 668 F.2d 905, 908. The rule imposes a heavy burden upon the party seeking summary judgment to show the absence of issues of material fact. *Adickes v. S.H. Kress & Co.* (1970), 398 U.S. 144, 153, 90 S.Ct. 1598, 1606, 26 L.Ed.2d 142, 151–152; *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273. See, also, *Mitseff v.*

*Wheeler* (1988), 38 Ohio St.3d 112, 114, 526 N.E.2d 798, 800–801. The moving party bears the burden of affirmatively showing that there is no genuine issue of material fact. *Mitseff, supra,* at 115, 526 N.E.2d at 801–802. Moreover, a party seeking summary judgment on the ground that the nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion, and identifying evidence in the record of the type outlined in Civ.R. 56, which demonstrates the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264. Summary judgment is appropriate only if reasonable minds can only conclude, based on the evidence, that judgment for the movant is appropriate.

The evidence presented on a motion for summary judgment is always construed in favor of the party opposing the motion, who is given the benefit of all favorable inferences that can be drawn from it. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 153, 66 O.O.2d 311, 312, 309 N.E.2d 924, 926. As the United States Supreme Court has stated, "on summary judgment the inferences to be drawn from the underlying facts contained in [the affidavits, exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.* (1962), 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176, 177; *Day v. United Auto, Aerospace & Agricultural Implement Workers* (C.A.6, 1972), 466 F.2d 83, 99; *EEOC v. United Assn. of Journeymen & Apprentices of Plumbing & Pipefitting Industry* (C.A.6, 1970), 427 F.2d 1091, 1093, certiorari denied, 404 U.S. 832, 92 S.Ct. 77, 30 L.Ed.2d 62. A summary judgment "should be used cautiously so that a litigant's right to trial is not usurped." *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 2, 24 O.O.3d 1, 1–2, 433 N.E.2d 615, 616.

The nonmoving party has a reciprocal burden of specificity. Civ.R. 56(E) provides: "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule must set forth specific facts showing that there is a genuine issue for trial." In this regard, the claimant must present some evidence with respect to those elements which the party must establish at trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265.

Essentially, defendant contends that Belle, a caregiver, was in the Headley home pursuant to a care plan supervised by a registered nurse and ordered by Headley's physician. The plan must be supervised by a registered nurse, who can delegate the actual delivery of care to a certified nursing assistant, such as Belle. As such, defendant argues, it is a medical claim under R.C. 2305.11(B)(1), which must be filed within one year from the discovery of, or here, the date of,

the injury. There is no dispute that the injury occurred while Belle was providing personal care for Headley. Nor is there dispute that the Hoyer lift is "durable medical equipment."

A "medical claim" is defined in R.C. 2305.11(D)(3) as follows:

" 'Medical claim' means any claim that is asserted in any civil action against a physician, podiatrist, or hospital, against any employee or agent of a physician, podiatrist or hospital, or against a registered nurse, midwife, or physical therapist, and that arises out of the medical diagnosis, care, or treatment of any person."

Where similar incidents occur in a hospital setting, courts have deemed them medical claims. See *Long v. Warren Gen. Hosp.* (1997), 121 Ohio App.3d 489, 700 N.E.2d 364; *Biltz v. Marymount Hosp.* (1997), 120 Ohio App.3d 526, 698 N.E.2d 483. Notably, however, a "hospital" is one of the categories delineated as a predicate to a claim being a medical claim.

Here the claim is not against a member of any of the designated categories, it is against a business that is a home dependent care provider. While the care was supervised by a registered nurse, it was administered by a nursing assistant, which is not in the designated professions for a medical claim.

In *Rome v. Flower Mem. Hosp.* (1994), 70 Ohio St.3d 14, 635 N.E.2d 1239, upon which defendant relies, the court found that the claim was a medical claim. There the patient was being placed on a radiology table for an x-ray. The court found this to be "an inherently necessary part of the administration of the x-ray procedure which was ordered to identify and alleviate her medical complaints." *Id.* at 16, 635 N.E.2d at 1242. Here, the patient was not hospitalized and undergoing treatment or tests when the fall from the DME occurred. Instead, she was to be transported to the bathroom for a shower. Consequently, it is not a situation similar to the one in *Rome,* where the activity directly related to diagnosing and addressing the patient's medical complaints.

For the above stated reasons, the court finds that the claim is not a medical claim as defined in R.C. 2305.11. The defendant is therefore not entitled to summary judgment on the issue of statute of limitations.

*So ordered.*