DECISION AND JUDGMENT ENTRY
In this accelerated appeal from a judgment of the Lucas County Court of Common Pleas, we are asked to consider whether that court erred in determining that appellant's claim was a "medical claim" subject to the one year statute of limitations found in R.C. 2305.11(B)(1). Upon due consideration, we find no error in the judgment of the trial court.
On January 12, 2001, appellant, Theresa Bea Flynn, filed, pro se, a complaint naming appellee, St. Vincent Mercy Medical Center, as the defendant. Flynn alleged that on October 31, 1997, she underwent surgery at St. Vincent and that when hospital personnel were transferring her from the surgery gurney to her hospital bed, they dropped her on the bed. Flynn maintained that she suffered a neck injury as the result of the fall. Flynn also indicated that she previously filed suit against the hospital, but dismissed that case without prejudice.
St. Vincent filed a motion to dismiss pursuant to Civ.R. 12(B)(6), asserting that Flynn's claim was a "medical claim" as defined in R.C.2305.11(D)(1). Therefore, the one year statute of limitations found in R.C. 2305.11(B)(1) was applicable to this case. St. Vincent argued that because appellant filed her initial complaint on October 29, 1999, her claim against the hospital was time-barred.
The trial court agreed with this reasoning, granted the motion and dismissed Flynn's case, with prejudice. On appeal, Flynn asserts the following assignment of error:
 "1. THE TRIAL COURT's [sic] ERRED BY ITS DETERMINATION THAT PLAINTIFF/APPELLANT'S COMPLAINT WAS SUBJECT TO A ONE-YEAR STATUTE OF LIMITATIONS FOR MEDICAL CLAIMS AND ITS SUBSEQUENT DISMISSAL OF PLAINTIFF/APPELLANT'S COMPLAINT CONSTITUTES AN ABUSE OF DISCRETION."
Generally, an affirmative defense, such as the statute of limitations, must be raised in a responsive pleading. Civ.R. 8(C). An affirmative defense may, however, be raised in a Civ.R. 12(B) motion, "but only if (1) that motion is filed before a responsive pleading and (2) it is clear on the face of the complaint that such affirmative defense is available."Spence v. Liberty Twp. Trustees (1996), 109 Ohio App.3d 357, 362.
Here, the motion was filed prior to the filing of any answer and the statute of limitations defense is clear on the face of the complaint. Therefore, we shall consider Flynn's assignment of error under the standard applied to a Civ.R. 12(B)(6) dismissal. In doing so, we must presume all factual allegations in the complaint are true and make all reasonable inferences in favor of Flynn. State ex rel. FindlayPublishing Co. v. Schroeder (1996), 76 Ohio St.3d 580, 581. It must appear beyond doubt that she can prove no set of facts entitling her to relief. O'Brien v. Univ. Community Tenants Union, Inc. (1975),42 Ohio St.2d 242, syllabus.
R.C. 2305.11(D)(3) defines a "medical claim" as, inter alia, "* * * any claim that is asserted in any civil action against a * * * hospital, * * * and that arises out of the medical diagnosis, care, or treatment of any person * * * [and] includes derivative claims for relief that arise from the medical diagnosis, care, or treatment of a person." In Rome v. FlowerMem. Hosp. (1994), 70 Ohio St.3d 14, 16, the Ohio Supreme Court interpreted this language to include actions arising from procedures which were "ancillary" and "inherently necessary" to the "identification and alleviation of a physical or mental illness, disease, or defect."
In scrutinizing Flynn's pleading, we can find no facts, or inferences therefrom, that would remove her claim from the realm of a "medical claim." Transporting a patient from surgery to her hospital room is ancillary to and inherently necessary to that medical treatment. Placing her in a hospital bed facilitates her care in recovering from the surgery. Additionally, it is undisputed that hospital personnel and hospital equipment was used in the commission of the allegedly negligent act. Therefore, even in viewing the facts of the complaint as true, one could only conclude that Flynn stated a medical claim as defined by R.C.2305.11(D)(3).
Because Flynn's claim is a medical claim, the one year statute of limitations found in R.C. 2305.11(B)(1) is controlling. Appellant also states in her complaint that the purported injury resulting from her "fall" was ascertained and documented while she was still in the hospital in 1997. Therefore, it can be discerned from the face of her complaint that her cause of action is time-barred. Accord, Blitz v. MarymountHosp. (1997), 120 Ohio App.3d 526. Accordingly, Flynn failed to state a claim upon which relief could be granted, and her sole assignment of error is found not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant, Theresa Bea Flynn, is ordered to pay the costs of this appeal.
James R. Sherck, J., Mark L. Pietrykowski,P.J., CONCUR.