JOURNAL ENTRY AND OPINION
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the records from the common pleas court and the briefs.
{¶ 2} The appellants, Maurial Taylor and James L. Taylor, appeal from the judgment of the Cuyahoga County Court of Common Pleas, in which the lower court granted summary judgment in favor of the appellee, Meridia Huron Hospital (Meridia).
{¶ 3} In August 1996, appellant Maurial Taylor suffered injuries to her head, neck, back and shoulders as a result of a fall from a CT scan machine at Meridia. The appellants contend that the fall resulted from the negligence of the radiology technician during the CT scan procedure. In July 1998, the appellants filed a two-count complaint against Meridia seeking restitution for the injuries which Maurial Taylor suffered and asserting a claim for loss of consortium on behalf of James L. Taylor.
{¶ 4} In August 1998, the appellee filed its answer denying the appellants' claims and "reserving the right" to assert the statute of limitations as an affirmative defense. Meridia moved for summary judgment arguing that the appellants' claims were barred because the medical claims were controlled by the one-year statute of limitations for medical claims found in R.C. 2305.11. On May 24, 1999, the lower court granted the appellee's motion for summary judgment stating that the appellants failed to timely file their complaint, therefore their claims were barred by the applicable statute of limitations.
{¶ 5} The appellants appealed the judgment of the lower court arguing that the appellee had failed to "affirmatively assert" the statute of limitations as a defense, thereby waiving the defense. They further argued that their claims were not medical claims, but personal injury claims subject to a two-year statute of limitations. On November 2, 2000, this court determined that Meridia's "reservation of the right" to assert the statute of limitations did not constitute the actual assertion of the statute of limitations as an affirmative defense.[1]
In light of this ruling, the matter was reversed and remanded to the lower court.
{¶ 6} On remand, the lower court granted the appellee's leave to file an amended answer in which it affirmatively raised the statute of limitations as a defense. Thereafter, the lower court entered summary judgment in favor of the appellee on the basis that the appellants' claims were barred pursuant to the one-year statute of limitations under R.C. 2305.11(B)(1). It is from this judgment of the lower court that the instant appeal stems.
{¶ 7} The appellants present four assignments of error for this court's review. For the following reasons, we find that the appellants' arguments are without merit, and the decision of the lower court is affirmed.
{¶ 8} Having a common basis in both law and fact, the appellants' first, second, and third assignments of error will be addressed contemporaneously. The appellants' first, second, and third assignments of error state:
 {¶ 9} I. THE TRIAL COURT ERRED IN PERMITTING THE DEFENDANT/APPELLANT TO RAISE ON REMAND THE AFFIRMATIVE DEFENSE OF THE STATUTE OF LIMITATIONS WHICH THIS APPELLATE COURT PREVIOUSLY DETERMINED WAS WAIVED.
 {¶ 10} II. THE TRIAL COURT ERRED IN REFUSING TO STRIKE THE AFFIRMATIVE DEFENSE ALREADY RULED WAIVED BY THIS COURT'S APPELLATE COURT.
 {¶ 11} III. THE TRIAL COURT ABUSED ITS DISCRETION WHEN, ON REMAND, IT DID NOT PROCEED IN THIS MATTER IN A MANNER CONSISTENT WITH THIS APPELLATE COURT'S DECISION THAT DEFENDANT HAD WAIVED THE AFFIRMATIVE DEFENSE OF THE STATUTE OF LIMITATIONS.
{¶ 12} The appellants argue that it was an abuse of discretion for the lower court to allow Meridia to assert an affirmative defense in an amended answer in light of this court's previous ruling in Taylor v.Meridia Huron Hospital (2000), 142 Ohio App. Lexis 5085 (Taylor I). An abuse of discretion implies more than an error of law or judgment. Rather, abuse of discretion suggests that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. In re Jane Doe 1
(1991), 57 Ohio St.3d 135; Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. This argument is wholly without merit.
{¶ 13} In Taylor I, this court determined that the lower court erred in granting summary judgment in favor of Meridia as the statute of limitations defense was affirmatively raised for the first time in its motion for summary judgment. This court further concluded that "Meridia's reservation of the right to assert the statute of limitations did not constitute the actual assertion of the statute of limitations as an affirmative defense." Id. at 157. As the defense was not affirmatively raised in Meridia's answer, this court reversed the decision of the lower court on this procedural defect. On remand, the lower court granted Meridia's leave to amend its answer, at which time it affirmatively raised the defense of the statute of limitations. As Meridia raised this defense using the proper procedure, the lower court granted its renewed motion for summary judgment.
{¶ 14} In the instant appeal, the appellants argue that Meridia is prevented from raising the defense of statute of limitations on remand as the defense was waived. Civ.R. 15(A) provides that a party may amend its pleadings by leave of the court and that such leave "shall be freely granted when justice so requires." The decision of whether to grant a motion for leave to amend a pleading is within the discretion of the trial court. Wilmington Steel Products, Inc. v. Cleveland Elec. Illum.Co. (1991), 60 Ohio St.3d 120, 121-122. Pleadings are assigned the limited role of providing the parties to a lawsuit with notice of the nature of the pleader's claim of defense. Discovery is available to paint a more detailed picture of the facts and issues. See Foman v. Davis
(1962), 371 U.S. 178. While the rule allows for liberal amendment, motions to amend pleadings pursuant to Civ.R. 15(A) should be refused if there is a showing of bad faith, undue delay, or undue prejudice to the opposing party. Hoover v. Sumlin (1984), 12 Ohio St.3d 1 at paragraph two of the syllabus.
{¶ 15} In light of the above and the evidence adduced from the record, this court cannot determine that the lower court abused its discretion in granting Meridia's leave to amend its answer and the subsequent motion for summary judgment. In the case at hand, the appellee reserved "the right to assert that plaintiffs' claim is barred by the applicable statute of limitations." Granted, Meridia did not affirmatively plead this defense; nevertheless, the appellants were on notice that the appellee was reserving the right to assert the defense. Regardless, this court remanded the matter to the lower court as the appellee had failed to affirmatively assert the statute of limitations as an affirmative defense.
{¶ 16} On remand, the lower court was within its discretion to grant the appellee leave to amend its answer to affirmatively add the defense of statute of limitations. In granting the appellee's leave to amend, the appellee fulfilled the necessary procedural requirements precipitating the grant of summary judgment in its favor based on the applicable statute of limitations. As stated by Judge Blackmon, dissenting, in Taylor I, "this case is not synonymous with those cases where the affirmative defense is raised for the first time by dispositive summary judgment motion." Id. citing Mossa v. W. Credit Union, Inc. (1992), 84 Ohio App.3d 177, 180.
{¶ 17} Although the appellee erred in failing to amend its answer prior to seeking summary judgment, which this court stated in Taylor I,
the appellants were on notice of the fact that the appellee reserved the right to add the defense of statute of limitations. On remand, the lower court granted the appellee leave to amend and thereafter properly entertained the appellee's motion for summary judgment. To state that the appellants would be prejudiced is contrary to Ohio's well established policy of notice pleading. Ohio's long standing precedent promotes the resolution of cases on their merits rather than deficient pleadings. SeePeterson v. Teodosio (1973), 34 Ohio St.2d 161.
{¶ 18} The appellants are in no way prejudiced by the addition of the defense as they face no new hurdle which they would not have faced had the original pleading raised the defense. In accordance, the appellants' first, second and third assignments of error are without merit.
{¶ 19} The appellants' fourth assignment of error states:
 {¶ 20} IV. THE COURT ERRED IN RULING THAT APPELLANT'S CLAIM IS A MEDICAL CLAIM SUBJECT TO THE ONE-YEAR STATUTE OF LIMITATIONS.
{¶ 21} The appellants contend that the lower court erred in determining that their claim was a "medical claim" under R.C.2305.11(D)(3), and therefore subject to the one-year statute of limitations under R.C. 2305.11(B)(1). The appellants' contention is without merit.
{¶ 22} R.C. 2305.11(D)(3) defines a medical claim and provides:
 {¶ 23} "Medical claim" means any claim that is asserted in any civil action against a physician, podiatrist, or hospital, against an employee or agent of a physician, podiatrist, or hospital, or against a registered nurse, midwife, or physical therapist, and that arises out of the medical diagnosis, care, or treatment of any person. "Medical claim" includes derivative claims for relief that arise from the medical diagnosis, care, or treatment of a person.
{¶ 24} The Supreme Court of Ohio, in Rome v. Flower Mem. Hosp.,
reasoned that the process of securing a patient to a radiology table is "ancillary to and an inherently necessary part of the administration of the X-ray procedure which was ordered to identify and alleviate [the plaintiff's] medical complaints." (1994), 70 Ohio St.3d 14, 16. The court concluded that the plaintiff's claim arose from the "medical diagnosis, care, or treatment" and, as such, the plaintiffs's claim was a "medical claim," therefore barred by the one-year statute of limitations. Id.
{¶ 25} The facts and circumstances of Rome practically mirror the instant case. Nevertheless, the appellants attempt to distinguish Rome
from the case at hand by arguing that the plaintiffs in Rome were patients of the respective hospital, while Maurial Taylor was merely using the CT scan facilities of Meridia. They argue that since she was not an actual patient of Meridia, their respective claims are subject to the two-year personal injury statute of limitations pursuant to R.C. 2305.10. This argument is without merit as neither the appellants, nor this court, can cite to any authority indicating that one must be a "patient" in order to assert a "medical claim" under R.C. 2305.11.
{¶ 26} The treatment which the appellant sought at Meridia was "ancillary to and an inherently necessary part" of her diagnosis and treatment. Rome at 16. The fact that the appellant's treating physician did not have the necessary equipment to perform the CT scan does not alleviate the one-year statute of limitation burden imposed by R.C.2305.11(B)(1) by transforming a clear "medical claim" into a personal injury claim subject to a two-year statute of limitations. R.C. 2305.10. As such, the appellants' claim is a "medical claim" pursuant to R.C.2305.11(D)(3) and is subject to the one-year statute of limitations provided under R.C. 2305.11(B)(1). As such, the appellants' appeal is not well taken, and the judgment of the lower court is affirmed.
It is ordered that appellee recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, P.J., AND TERRENCE O'DONNELL, J., CONCUR.
[1] The appellants' second claim was rendered moot in light of this court's ruling with respect to the first issue.