OPINION
{¶ 1} Bryan L. Wilson appeals from the judgment of the Lake County Common Pleas Court, Juvenile Division, following a dispositional/sentencing hearing. We affirm.
On December 14, 2002, appellant, then sixteen years old, attended a party in Willowick, Ohio. Appellant and two others ordered a pizza to be delivered to the party and planned to rob the delivery person. When Mohammed Sumer, the delivery person, arrived appellant beat him with a baseball bat. Sumer suffered serious injuries including a fractured arm.
 {¶ 2} The state filed a complaint against appellant and filed a motion for relinquishment of jurisdiction for purposes of criminal prosecution. The juvenile court held a hearing and denied the state's motion. The state then indicted appellant on four counts (1) aggravated robbery, a first degree felony, R.C. 2911.01(A)(1); (2) felonious assault, a second degree felony, R.C. 2903.11(A)(2); (3) felonious assault, a second degree felony, R.C. 2903.11(A)(1); and (4) aggravated robbery, a first degree felony, R.C. 2911.01(A)(3). The state also requested a Serious Youthful Offender ("SYO") disposition.
 {¶ 3} Appellant eventually pleaded "guilty" and "true" to one count of aggravated robbery; the remaining charges were dismissed. The juvenile court found appellant to be a serious youthful offender under R.C.2152.13(D)(2)(a) and committed him to the legal custody of the department of youth services for an indefinite term of a minimum of two years and a maximum term not to exceed appellant reaching the age of twenty-one. Pursuant to the SYO finding, the court sentenced appellant to serve three years in prison. The prison term was stayed pursuant to R.C.2151.13(D)(2)(a)(iii) pending appellant's successful completion of the juvenile disposition. Appellant filed a timely appeal raising three assignments of error:
 {¶ 4} "[1.] The trial court abused its discretion when it classified the juvenile-appellant as a serious youthful offender under R.C.2152.13(D)(2)(a)(i).
 {¶ 5} "[2.] The trial court violated the juvenile-appellant's rights to equal protection and due process of law under the Fifth and Fourteenth Amendments to the [United States] Constitution and under Sections 2, 10
and 16, Article I of the Ohio Constitution when it sentenced him contrary to R.C. 2929.11(B).
 {¶ 6} "[3.] The trial court abused its discretion when it sentenced the juvenile-appellant to serve a prison term under the adult portion of the sentence [sic] statutes per R.C. 2929.12 and R.C. 2929.13."
 {¶ 7} In his first assignment of error, appellant challenges the juvenile court's determination that he was a serious youthful offender.
 {¶ 8} The indictment against appellant contained an enhancement pursuant to R.C. 2152.11(A)(1). Thus, the juvenile court had the discretion to make a SYO determination against appellant. R.C.2152.11(D)(2). We will reverse the juvenile court's judgment only if it abused that discretion. "Abuse of discretion" is more than an error of law or judgment; it implies the court's attitude was unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151,157.
 {¶ 9} R.C. 2152.13(D)(2)(a) provides:
 {¶ 10} "If a child is adjudicated a delinquent child for committing an act under circumstances that allow, but do not require, the juvenile court to impose on the child a serious youthful offender dispositional sentence under section 2152.11 of the Revised Code, all of the following apply:
(i) If the juvenile court on the record makes a finding that, given the nature and circumstances of the violation and the history of the child, the length of time, level of security, and types of programming and resources available in the juvenile system alone are not adequate to provide the juvenile court with a reasonable expectation that the purposes set forth in section 2152.01 of the Revised Code will be met, the juvenile court may impose upon the child a sentence available for the violation, as if the child were an adult, under Chapter 2929. of the Revised Code, * * *."
 {¶ 11} Thus, in determining whether a SYO finding is appropriate, the juvenile court must consider the circumstances of the violation and the child's history with specific aspects of the juvenile system, i.e., the length of time the child can be in the juvenile system, the level of security available in the juvenile system, and the types of programming and resources available in the juvenile system. If the juvenile court finds these aspects of the juvenile system are not adequate to provide the court a reasonable expectation that the purposes set forth in R.C.2152.01 will be met, the trial court may sentence the child as if the child were an adult. We now address those factors challenged by appellant.
 {¶ 12} With respect to the nature of the offense, appellant contends his actions did not constitute the worst form of the offense, as it did not involve the use of firearm. While appellant's actions may not have constituted the worst form of the offense, whatever that might be, the fact appellant did not use a firearm is of no moment to the issue at hand. Had appellant used a firearm, he would have been subject to a mandatory SYO finding. R.C. 2152.11(D)(1). Thus, the legislature has already taken into consideration the lack of use of a firearm by making the SYO finding discretionary under R.C. 2152.11(D)(2). In effect, the legislature has already given appellant the "credit" he seeks in this appeal for only beating the victim with a baseball bat, instead of shooting him.
 {¶ 13} The juvenile court must next consider the child's "history." It is unclear whether this refers to the child's history in the juvenile system, his social history, or both. Appellant contends it means the latter. The record indicates appellant had been involved in the juvenile system since he was thirteen years old. Appellant's offenses included arson, assault, criminal damaging, and aggravated trespassing.
 {¶ 14} Appellant also had a history of gang involvement, drug and alcohol abuse, problems at home and school, and a below average IQ. While appellant's social history may have weighed against the SYO classification, appellant's history in the juvenile system supported the SYO classification.
 {¶ 15} The next factor is the length of time the child can be in the juvenile system. Appellant argues "length of time" means the time the juvenile has been in the system. The state argues "length of time" means the time left within which the child is subject to the juvenile system. "Length of time" clearly refers to the time left within which the child is subject to the juvenile system. Were we to adopt appellant's argument, this factor would be redundant, as the length of time the juvenile has been in the system would also be considered under the factor relating to the child's history. Appellant was almost seventeen years old at the time of the hearing, thus this factor weighs in favor of the SYO classification.
 {¶ 16} Appellant argues the juvenile court's denial of the state's motion to relinquish jurisdiction demonstrates the court's subsequent classification of appellant as a SYO was an abuse of discretion. We find no inconsistency. By denying the state's motion, the court kept appellant in the juvenile system where he was still subject to juvenile sanctions. Were the court to have relinquished jurisdiction, those options available in the juvenile system would have ceased to be available to appellant. The SYO classification simply gave the juvenile court another option. The denial of a motion to relinquish jurisdiction and a subsequent SYO finding are not logically inconsistent.
 {¶ 17} Another factor is the programming and resources available in the juvenile system. With respect to this issue, the juvenile court recognized the juvenile system had resources and programming available that might lead to appellant's rehabilitation. The juvenile court recognized this as one of the reasons supporting the enactment of the SYO statutes. However, the juvenile court was skeptical that these alone would be adequate to provide a reasonable expectation that the purposes set forth in R.C. 2152.01 would be achieved. Given the system's lack of success in meeting the purposes set forth in R.C. 2152.01 with respect to appellant, the juvenile court was rightly skeptical of appellant's prospects for future success in the juvenile system.
 {¶ 18} For these reasons, we cannot say the juvenile court abused its discretion in determining appellant was a serious youthful offender. Appellant's first assignment of error is without merit.
 {¶ 19} In his second and third assignments of error, appellant challenges the trial court's imposition of a three-year sentence under R.C. 2929.14(A)(1). We review a felony sentence de novo. State v.Bradford (June 2, 2001), 11th Dist. No. 2000-L-103, 2001 Ohio App. LEXIS 2487, 3. We will not disturb a sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. Id. "Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." Id.
 {¶ 20} Appellant first argues the juvenile court failed to comply with R.C. 2929.11(B) and ensure his sentence was "consistent with sentences imposed for similar crimes committed by similar offenders." Here, the parties agree appellant was the first offender out of Lake County to be sentenced under the SYO statute. However, appellant fails to present any evidence to support his argument that his three-year sentence (the minimum prison sentence available for a first degree felony) was inconsistent with other sentences imposed for similar crimes. State v.Hanson, 6th Dist. No. L-01-1217, 2002-Ohio-1522, 7.
 {¶ 21} Appellant's second assignment of error is without merit.
 {¶ 22} In his third assignment of error, appellant argues the juvenile court erred in imposing a prison sentence instead of community control sanctions. We find no error.
 {¶ 23} A first degree felony carries a presumption in favor of a prison sentence. R.C. 2929.13(D). Nonetheless, a court may impose a community control sanction if it makes both of the following findings:
 {¶ 24} "(1) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.
 {¶ 25} "(2) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense."
 {¶ 26} R.C. 2929.12 sets forth factors the court must apply relating to the seriousness of the offender's conduct and the likelihood of recidivism. R.C. 2929.12(A) also allows the sentencing court to consider "any other factors that are relevant to achieving those purposes and principles of sentencing."
 {¶ 27} Appellant challenges the juvenile court's finding in support of the likelihood of recidivism that the offense was "committed under circumstances likely to recur — to reoccur, specifically, your impulsiveness." Appellant correctly notes this is not a factor to be considered under R.C. 2929.12(D). It may, however, be considered under the catchall provision of R.C. 2929.12(A) cited above.
 {¶ 28} Appellant also argues his acknowledgement of his wrongdoing and alcohol problem weigh in favor of the imposition of community control. The trial court considered these factors, yet still found appellant had not overcome the presumption in favor of prison. The record supports the trial court's judgment.
 {¶ 29} Appellant's third assignment of error is without merit.
 {¶ 30} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, Juvenile Division, is affirmed.
Ford, P.J., Grendell, J., concur.