OPINION
{¶ 1} On July 4, 2005, appellant, Larry McGrapth, a juvenile, was charged with felonious assault in violation of R.C. 2903.11
(Case No. 05-07-1245-01-A). On July 15, 2005, the Delaware County Grand Jury indicted appellant on the felonious assault charge (Case No. 05-07-1245-02-A), and added a misdemeanor count of attempted theft in violation of R.C. 2923.02 (Case No. 05-07-1245-03-A). The indictment alleged appellant was a serious youthful offender. The case was transferred to the juvenile court. The trial court set bond and upon his release, ordered appellant to serve house arrest. Said charges arose from an incident involving an assault and attempted theft on Caleb Wilburn.
 {¶ 2} On August 3, 2005, appellant was charged with the unauthorized use of a motor vehicle in violation of R.C. 2913.03
(Case No. 05-08-1364-01-A). Said charge involved a stolen van.
 {¶ 3} On August 26, 2005, the misdemeanor attempted theft count of the indictment, Case No. 05-07-1245-03-A, was dismissed and refiled on September 13, 2005 (Case No. 05-07-1245-04-A).
 {¶ 4} On November 1, 2005, a citation was issued alleging appellant to be a delinquent child for violating the house arrest order (Case No. 05-07-1245-05-A). On November 3, 2005, appellant entered an admission to the felonious assault charge in Case No. 05-07-1245-02-A and the unauthorized use of a motor vehicle charge in Case No. 05-08-1364-01-A. The misdemeanor attempted theft charge in Case No. 05-07-1245-04-A was dismissed. The trial court accepted the admissions, adjudicated appellant a delinquent child and ordered a presentence investigation.
 {¶ 5} On November 15, 2005, appellant was charged with a misdemeanor assault in violation of R.C. 2903.11 (Case No. 05-11-1886-01-A). Said charge arose from an incident involving a fight in high school. A hearing was held on November 16, 2005. Appellant entered an admission to the misdemeanor assault charge in Case No. 05-11-1886-01-A. By judgment entry filed November 21, 2005, the trial court committed him to the Department of Youth Services for a minimum of one year to a maximum age of twenty-one. The trial court suspended this sentence and placed appellant in the Perry County Multi-Correctional Facility to complete its program. By judgment entry filed January 3, 2006, the trial court adjudicated appellant to be a delinquent child, found him to be a serious youthful offender, and committed him to the Department of Youth Services for a minimum of one year to a maximum age of twenty-one. The trial court suspended this sentence and placed appellant in the Perry County Multi-Correctional Facility to complete its program. The trial court also sentenced appellant to a forty-five day sentence and a two year sentence, but suspended both.
 {¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 7} "THE TRIAL COURT VIOLATED THE DEFENDANT-APPELLANT'S RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHEN IT DETERMINED HIM TO BE A SERIOUS YOUTHFUL OFFENDER, WHEN THAT FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 II {¶ 8} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING THE DEFENDANT-APPELLANT HIS RIGHT TO CONFRONT WITNESSES AND INFORMATION PRESENTED AGAINST HIM."
 III {¶ 9} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ALLOWING INTO EVIDENCE MEDICAL AND SCHOOL RECORDS THAT WERE HEARSAY, NOT SUBJECT TO AN EXCEPTION."
 IV {¶ 10} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ALLOWING INTO EVIDENCE MEDICAL AND SCHOOL RECORDS THAT WERE IRRELEVANT."
 I {¶ 11} Appellant claims the trial court's determination that he was a serious youthful offender was against the manifest weight of the evidence. We disagree.
 {¶ 12} In his brief at 4, appellant correctly states the standard of review regarding a determination on serious youthful offender is abuse of discretion. In re: Bryan Wilson, Lake App. No. 2003-L-160, 2005-Ohio-3262. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983)5 Ohio St.3d 217.
 {¶ 13} R.C. 2152.13 governs serious youthful offender dispositional sentence. Subsection (D)(2) states the following in pertinent part:
 {¶ 14} "(2)(a) If a child is adjudicated a delinquent child for committing an act under circumstances that allow, but do not require, the juvenile court to impose on the child a serious youthful offender dispositional sentence under section 2152.11 of the Revised Code, all of the following apply:
 {¶ 15} "(i) If the juvenile court on the record makes a finding that, given the nature and circumstances of the violation and the history of the child, the length of time, level of security, and types of programming and resources available in the juvenile system alone are not adequate to provide the juvenile court with a reasonable expectation that the purposes set forth in section 2152.01 of the Revised Code will be met, the juvenile court may impose upon the child a sentence available for the violation, as if the child were an adult, under Chapter 2929. of the Revised Code, except that the juvenile court shall not impose on the child a sentence of death or life imprisonment without parole."
 {¶ 16} Appellant plead true to one count of felonious assault, one count of unauthorized use of motor vehicle and one count of misdemeanor assault. As noted by the trial court in its January 3, 2005 judgment entry, it reviewed the recommendations of Lisa Risinger who conducted the presentence investigation report, the state's recitation of the facts surrounding the admitted charges, medical records, school records and victim impact statements.
 {¶ 17} The incident that gave rise to the felonious assault charge was described as an unprovoked attack. T. at 16. Appellant went over to the victim, Caleb Wilburn, and wanted to know if he had any money. T. at 13. Appellant told the victim he did not like him and struck him twice in the face. T. at 13-14. Appellant struck the victim with such force that it caused a fracture of the skull and a brain bleed. T. at 15.
 {¶ 18} Appellant violated his house arrest during the time his first two charges were pending and later assaulted an individual at school. T. at 22. He failed to appear for the presentence investigation hearing. Id. Appellant was also suspended from school on numerous occasions due to a number of reasons including insubordination, inappropriate behavior, defiance and truancy. T. at 21. Appellant was expelled from school for eighty days for fighting. T. at 22.
 {¶ 19} We find the record to contain specific facts supporting the trial court's conclusion that appellant is a serious youthful offender.
 {¶ 20} Assignment of Error I is denied.
 II, III, IV {¶ 21} In these assignments, appellant challenges the procedures during the dispositional hearing. Specifically, appellant claims he was denied his right of confrontation, and inadmissible hearsay and irrelevant evidence was presented. We disagree.
 {¶ 22} Juv.R. 34 governs the procedures in dispositional hearings. Subsection (B)(2) and (3) state the following:
 {¶ 23} "(2) Except as provided in division (I) of this rule, the court may admit evidence that is material and relevant, including, but not limited to, hearsay, opinion, and documentary evidence;
 {¶ 24} "(3) Medical examiners and each investigator who prepared a social history shall not be cross-examined, except upon consent of all parties, for good cause shown, or as the court in its discretion may direct. Any party may offer evidence supplementing, explaining, or disputing any information contained in the social history or other reports that may be used by the court in determining disposition."
 {¶ 25} Further, R.C. 2152.13(D)(2)(a)(i) as cited supra specifically mandates the trial court to consider "the nature and circumstances of the violation and the history of the child."
 {¶ 26} Because appellant entered admissions and waived the right to contest the facts relative to the admissions, and Juv.R. 34 contemplates an informal dispositional hearing, we find appellant's arguments herein to lack merit.
 {¶ 27} Assignments of Error II, III and IV are denied.
 {¶ 28} The judgment of the Court of Common Pleas of Delaware County, Ohio, Juvenile Division, is hereby affirmed.
Farmer, J. Wise, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, Juvenile Division, is affirmed.