DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Jonathan Tschudy, appeals his sentence imposed by the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} Tschudy was indicted on October 3, 2007, on one count of rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree; and one count of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(1), a felony of the second degree. After initially pleading not guilty, Tschudy entered guilty pleas to both counts as charged in the indictment on November 21, 2007. The trial court classified Tschudy as a sexual predator. The trial court then sentenced Tschudy to an indeterminate term of fifteen years to life imprisonment on the count of rape and to a term of two years on the pandering count, further ordering that the sentences be served concurrently. Tschudy timely appeals, raising one assignment of error for review. *Page 2 
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO AN INDEFINITE SENTENCE OF FIFTEEN YEARS TO LIFE FOR THE OFFENSE OF RAPE UNDER [R.C] 2907.02(A)(1)(b)."
 {¶ 3} Tschudy argues that the trial court erred by imposing an indefinite sentence for rape in lieu of a definite term of imprisonment. This Court disagrees. Specifically, Tschudy asserts that the language of R.C. 2907.02(A)(1)(b) is clear and unambiguous. This Court agrees. We disagree with his assertion, however, that R.C. 2907.02(A)(1)(b) mandates a definite sentence in this case.
 {¶ 4} As a preliminary matter, this Court notes that the Ohio Supreme Court has recognized that "Ohio's felony sentencing plan is a hybrid. Aspects of indeterminate sentencing continue for certain offenses."State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, at ¶ 35.
 {¶ 5} Tschudy was convicted for the rape of his then-three-year-old son, in violation of R.C. 2907.02(A)(1)(b), which provides in relevant part:
 "No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when * * * [t]he other person is less than thirteen years of age, whether or not the offender knows the age of the other person."
 {¶ 6} R.C. 2907.02(B) provides in relevant part:
 "Except as otherwise provided in this division, notwithstanding sections 2929.11 to 2929.14 of the Revised Code, an offender under division (A)(1)(b) of this section shall be sentenced to a prison term or term of life imprisonment pursuant to section 2971.03 of the Revised Code."
The first exception to the above provision involves offenders less than sixteen years of age at the time of the commission of the offense. That exception is not applicable to this case. The second exception reads as follows: *Page 3 
 "If an offender under division (A)(1)(b) of this section previously has been convicted of or pleaded guilty to violating division (A)(1)(b) of this section or to violating an existing or former law of this state, another state, or the United States that is substantially similar to division (A)(1)(b) of this section, if the offender during or immediately after the commission of the offense caused serious physical harm to the victim, or if the victim under division (A)(1)(b) of this section is less than ten years of age, in lieu of sentencing the offender to a prison term or term of life imprisonment pursuant to section 2971.03 of the Revised Code, the court may impose upon the offender a term of life without parole." (Emphasis added.) R.C. 2907.02(B).
This exception is applicable because the victim in this case was less than ten years old at the time of the commission of the offense. The statute is clear, however, that the trial court is not mandated to impose a definite term of life without parole. Rather, the trial court may in its discretion do so. Where the trial court does not sentence the offender to life without parole, it must sentence pursuant to R.C. 2971.03.
 {¶ 7} R.C. 2971.03(A) provides for sentencing of offenders who have also been convicted of a violent sex offense in conjunction with a sexually violent predator specification, or convicted of homicide, assault, or kidnapping in conjunction with both a sexual motivation specification and a sexually violent predator specification. There is no dispute that subsection (A) is not applicable to Tschudy's case. R.C. 2971.03(B), however, provides:
 "Notwithstanding section 2929.13, division (A), (B), (C), or (F) of section 2929.14, or another section of the Revised Code other than division (B) of section 2907.02 or divisions (D) and (E) of section 2929.14 of the Revised Code that authorizes or requires a specified prison term or a mandatory prison term for a person who is convicted of or pleads guilty to a felony or that specifies the manner and place of service of a prison term or term of imprisonment, if a person is convicted of or pleads guilty to a violation of division (A)(1)(b) of section 2907.02 of the Revised Code committed on or after the effective date of this amendment [January 2, 2007], if division (A) of this section does not apply regarding the person, and if the court does not impose a sentence of life without parole when authorized pursuant to division (B) of section 2907.02 of the Revised Code, the court shall impose upon the person an indefinite prison term consisting of one of the following: * * * If the victim was less than ten years of age, a minimum term of fifteen years and a maximum of life imprisonment." R.C. 2971.03(B)(1)(b). *Page 4 
 {¶ 8} In this case, Tschudy pled guilty to a violation of R.C. 2907.02(A)(1)(b), committed on or about January 2, 2007, through September 18, 2007, clearly on or after the January 2, 2007 effective date of the statute. Further, division (A) of R.C. 2971.03, as addressed above does not apply regarding Tschudy. Finally, while the trial court was authorized to impose a sentence of life without parole upon Tschudy because the victim was less than ten years old at the time of the commission of the offense, it declined in its discretion to do so. Accordingly, the trial court was then mandated to impose an indefinite term of fifteen years to life imprisonment. Tschudy's assignment of error is overruled.
 III. {¶ 9} Tschudy's sole assignment of error is overruled. His sentence imposed by the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. *Page 5 
Costs taxed to Appellant.
 SLABY, J. WHITMORE, J. CONCUR *Page 1