[Cite as *In re N.S.*, 2017-Ohio-163.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  | JUDGES: |
|---|---|
|  | Hon. W. Scott Gwin, P. J. |
|  | Hon. John W. Wise, J. |
| IN RE: | Hon. Craig R. Baldwin, J. |
|  |  |
| N.S. | Case No. 2016 CA 0005 |
|  |  |
|  | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Juvenile Division, Case No. 21420057 |
| | |
| JUDGMENT: | Affirmed |
| | |
| DATE OF JUDGMENT ENTRY: | January 17, 2017 |

APPEARANCES:

For Appellee State of Ohio

BENJAMIN E. HALL
ASSISTANT PROSECUTOR
318 Chestnut Street
Coshocton, Ohio  43812

Appellant N. S.

CHARLYN BOHLAND
250 East Broad Street
Suite 1400
Columbus, Ohio  43215

*Wise, J.*

{¶1}    Appellant N.S., a delinquent child, appeals his conviction and SYO sentencing, in the Coshocton County Court of Common Pleas, Juvenile Division, on two counts of rape. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2}    On April 28, 2014, appellant was indicted on four counts of rape, each with a serious youthful offender ("SYO") specification. Counts One and Two involved a child victim born in 2003. Counts Three and Four involved a child victim born in 2004.

{¶3}    The Coshocton County Court of Common Pleas thereafter transferred the case to Coshocton County Juvenile Court.

{¶4}    On September 19, 2014, a change of plea hearing took place. Appellant entered pleas of guilty to Counts Two and Four, both charged under R.C. 2907.02(A)(1)(b).

{¶5}    The trial court thereupon adjudicated N.S. delinquent of two counts of rape, R.C. 2907.02(A)(1)(b), first-degree felonies if committed by an adult, enhanced with Serious Youthful Offender (SYO) specifications. The court determined that the victim in Count Four was under the age of ten and that N.S. was age fourteen or fifteen at the time of the offense. As its disposition, the juvenile court committed N.S. to the Ohio Department of Youth Services for a minimum period of two years, maximum to his twenty-first birthday. In discussing the issue of a blended sentence, the juvenile court noted the following at the change of plea hearing:

> Through that entire period of time, [the second victim] would have been *** under 10 years of age. As a result of that, you are subject to a

different disposition or a different potential sentence in Count 4. That is you are subject to a sentence of 15-years-to-life on that and it is a possibility of parole after the 15 years can occur. There is some law-and if you were an adult, which you would be sentenced as, that you could receive a sentence or a penalty of life without parole. But it is at least this court's opinion that juveniles under constitutional precedence established by the United States Supreme Court, and I think it was last summer - I mean the summer of 2013, that juveniles, regardless of where they go through the system, can't be subjected-meaning juveniles by age, not by court, cannot be subject to life sentences without parole. * * *

**{¶6}** Tr., September 19, 2014, at 21.

**{¶7}** Because the juvenile court's written judgment entry did not contain all of the terms of N.S.'s disposition; the juvenile court issued a subsequent *nunc pro tunc* entry on November 3, 2014. Rendering a blended serious-youth-offender ("SYO") sentence, the juvenile court sentenced N.S. to 11 years in prison on Count Two; and, life in prison with parole eligibility after 15 years on Count Four pursuant to R.C. 2971.03(B)(1)(b), to be served concurrently. For juvenile disposition, the court ordered a minimum of one-year commitment to DYS on each count, to be served consecutively. Tr., October 24, 2014, at 69-71; *Nunc Pro Tunc* Judgment Entry of Sentencing, at 2.

**{¶8}** On March 30, 2016, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:

**{¶9}** "I. THE MANDATORY SENTENCING SCHEME IN R.C. 2971.03 IS UNCONSTITUTIONAL BECAUSE IT DOES NOT PERMIT THE TRIAL COURT TO

MAKE AN INDIVIDUALIZED DETERMINATION ABOUT N.S.'S SENTENCE OR THE ATTRIBUTES OF HIS YOUTH, IN VIOLATION OF HIS RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENTS AND HIS RIGHT TO DUE PROCESS OF LAW, AS GUARANTEED BY THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION, AND ARTICLE I, SECTION 9, OHIO CONSTITUTION.

**{¶10}** "II. N.S. WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION; AND, ARTICLE I, SECTION 10, OHIO CONSTITUTION."

### *Timeliness of Appeal*

**{¶11}** As an initial matter, we will address the State's renewed responsive procedural argument that the present appeal is untimely, even though this Court issued a procedural order on May 4, 2016 rejecting the State's position. As noted in our above recitation of facts, appellant filed his notice of appeal in March 2016, roughly seventeen months after the issuance of the *nunc pro tunc* dispositional judgment entry under appeal. In a memorandum in support of his notice of appeal, appellant relied upon *In re Anderson*, 92 Ohio St.3d 63, 2001-Ohio-131, 748 N.E.2d 67 (2001), for the proposition that the civil rules and the appellate rules pertaining to the filing of a civil notice of appeal apply to appeals from a juvenile court. Appellant then asserted that he had never been served with the November 3, 2014 dispositional entry in accordance with Civ.R. 58(B), making his notice of appeal timely.

**{¶12}** The State presently urges in response that App.R. 5(A) was amended in 2003 to add "delinquency and serious youthful offender proceedings" to the classes of cases specified in App.R. 5, which addresses delayed appeals in criminal matters, and

these amendments were enacted to abrogate the Ohio Supreme Court's decision in *Anderson. See In re T.M.*, 6th Dist. Lucas Nos. L–10–1245, L–10–1246, 2010-Ohio-5506, ¶ 12. The State thus maintains that appellant's notice of appeal is untimely and that appellant was required to seek leave to appeal in this instance.

**{¶13}** However, despite our potential reassessment of the applicability of *Anderson* herein, we find we have jurisdiction to *sua sponte* grant leave for a delayed appeal where a party has filed an untimely notice of appeal in a proceeding which is subject to App.R. 5. *See State v. Ronny*, 8th Dist. Cuyahoga No. 102968, 2016-Ohio-3448, ¶ 20. We choose to do so at this juncture in the interest of justice, and we will thus proceed to the merits of the present appeal.

I.

**{¶14}** In his First Assignment of Error, appellant contends the mandatory sentencing aspects of R.C. 2971.03 are unconstitutional. We disagree.[1]

**{¶15}** The Ohio Supreme Court has summarized as follows: "A serious-youthful-offender disposition consists of a 'blended' sentence: a traditional juvenile disposition and a stayed adult sentence. R.C. 2152.13(D)(2). The court may enforce the adult portion of the sentence at a later time if the juvenile commits certain acts that indicate that the

---

[1] It is undisputed that appellant did not raise his present constitutional claims at the trial court level, in addition to the fact that this case involved a joint sentencing recommendation. It is well-established that failure to raise objections to proceedings on constitutional grounds results in a waiver of such assignments of error. *In re Willis,* 5th Dist. Coshocton No. 02CA15, 2002–Ohio–6795, ¶ 10, citing *State v. Awan* (1986), 22 Ohio St.3d 120, 489 N.E.2d 277. Application of the *Awan* waiver doctrine is discretionary. *In re M.D.,* 38 Ohio St.3d 149 (1988). However, because appellant has also invoked an ineffective assistance claim on similar grounds, we will proceed to address his arguments at this point in the interest of judicial economy.

juvenile disposition has been unsuccessful in rehabilitating him. R.C. 2152.14." *State v. D.H.*, 120 Ohio St.3d 540, 2009-Ohio-9, ¶ 2.

**{¶16}** R.C. 2152.13(D)(1)(a) states as follows: "The juvenile court shall impose upon the child a sentence available for the violation, as if the child were an adult, under Chapter 2929. of the Revised Code, except that the juvenile court shall not impose on the child a sentence of death or life imprisonment without parole."

**{¶17}** Furthermore, R.C. 2971.03(B)(1)(b) states that if a person is convicted of or pleads guilty to rape in violation of R.C. 2907.02(A)(1)(b), committed on or after January 2, 2007, the sentencing court shall, with certain qualifications, impose upon the person, if the victim was less than ten years of age, an indefinite prison term consisting of a minimum term of fifteen years and a maximum of life imprisonment.

**{¶18}** Appellant in the case *sub judice* thus correctly maintains that because Ohio's serious-youthful-offender ("SYO") statute requires the juvenile court to impose an adult sentence under the adult sentencing statutes when choosing to impose a blended sentence, the mandatory sentencing requirements of R.C. 2971.03(B)(1)(b) apply to him in this instance, in regard to Count Four.

**{¶19}** It is well-established in Ohio that statutes are presumed to be constitutional unless shown beyond reasonable doubt to violate a constitutional provision. *See Fabrey v. McDonald Police Dept.* (1994), 70 Ohio St.3d 351, 352, 639 N.E.2d 31. Although he is not challenging the overall constitutionality of the SYO statute (*see* Appellant's Reply Brief at 2), appellant argues that the mandatory sentencing scheme in R.C. 2971.03 should be found unconstitutional as applied to children because it does not permit the juvenile court to make an individualized determination about a child's sentence or consider the

mitigating circumstances and/or attributes of youth. Appellant couches his claims under both the Eighth Amendment's prohibition against cruel and unusual punishments and the Fourteenth Amendment's guarantee of due process of law, and corresponding provisions of the Ohio Constitution.

{¶20} However, as cogently explained in *In re Wilson,* 11th Dist. No. 2003-L-160, 2005-Ohio-3262: "* * * [I]n determining whether a SYO finding is appropriate, the juvenile court must consider the circumstances of the violation and the child's history with specific aspects of the juvenile system, i.e., the length of time the child can be in the juvenile system, the level of security available in the juvenile system, and the types of programming and resources available in the juvenile system. If the juvenile court finds these aspects of the juvenile system are not adequate to provide the court a reasonable expectation that the purposes set forth in R.C. 2152.01 will be met, the trial court may sentence the child as if the child were an adult." *Id.* at ¶ 11.

{¶21} Thus, discretion is built into the statutory scheme, allowing juvenile judges in Ohio to consider, with certain exceptions, whether an alleged delinquent child's actions even warrant SYO classification and sentencing. Appellant herein nonetheless urges that the United States Supreme Court has mandated that individualized sentencing for juvenile offenders is constitutionally required despite the existence of such initial discretionary decision. *See Miller v. Alabama,* 132 S.Ct. 2455, 2460, 183 L.Ed.2d 407 (2012). However, we first note the discretion involved in *Miller* was primarily the prosecutor's choice under the Alabama statute "to seek removal of the case to adult court," to which the juvenile court could agree or disagree. *See id.* at 2462, citing Ala.Code § 12–15–34 (1977). In the companion case, the law at issue was an Arkansas statute that

gave prosecutors discretion to charge 14–year–olds as adults when they were alleged to have committed certain serious offenses. *See id.* at 2461, citing Ark.Code Ann. § 9–27–318(c)(2) (1998). Thus, we find the Alabama and Arkansas statutory schemes distinct from Ohio's SYO system, although we recognize the Supreme Court in *Miller* did go on to state that "[e]ven when States give transfer-stage discretion to judges, it has limited utility." *Id.* at 2474. Indeed, the Supreme Court further reasoned: "*** [T]he discretion available to a judge at the transfer stage cannot substitute for discretion at post-trial sentencing in adult court—and so cannot satisfy the Eighth Amendment." *Id.* Ultimately, however, the vital issue in *Miller* was whether children can constitutionally be sentenced to a mandatory term of life in prison *without* the possibility of parole, which is not the concern in the present appeal.

**{¶22}** Accordingly, we find no Eighth or Fourteenth Amendment constitutional violations resulting from appellant's SYO sentencing pursuant to R.C. 2971.03. Appellant's First Assignment of Error is therefore overruled.

II.

**{¶23}** In his Second Assignment of Error, appellant contends he was deprived of the effective assistance of trial counsel. We disagree.

**{¶24}** Our standard of review for ineffective assistance claims is set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case of *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of

reasonable representation and was violative of any of his or her essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. *Id.* Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie* (1998), 81 Ohio St.3d 673, 675, 693 N.E.2d 267

**{¶25}** Appellant specifically argues he was deprived of his right to the effective assistance of counsel when his trial counsel failed to raise objections to the mandatory nature of the blended sentence. However, based on our conclusions in regard to appellant's first assigned error, we find he has failed to demonstrate a reasonable probability of success had the constitutional claims been raised by trial counsel, making further analysis of the ineffective assistance issue moot. *Cf. State v. Allen*, 8th Dist. Cuyahoga No. 97820, 2013-Ohio-258, ¶ 15.

{¶26} Appellant's Second Assignment of Error is therefore overruled.

{¶27} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Coshocton County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Baldwin, J., concur.

JWW/d 0105