[Cite as *State v. Johnson*, 2020-Ohio-2947.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 109127 |
| v. | : | |
| JAMES JOHNSON, | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED IN PART AND REMANDED
**RELEASED AND JOURNALIZED:** May 14, 2020

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-14-585440-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda, Assistant Prosecuting Attorney, *for appellee.*

James Johnson, *pro se.*

PATRICIA ANN BLACKMON, P.J.:

{¶ 1} Defendant-appellant James Johnson appeals from the trial court's denial of his motion to vacate a void sentence. He assigns the following two errors for our review:

I. The sentence of 25 years to life imposed by the trial court is contrary to law and void, in violation of Johnson's Due Process protections under the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution.

II. Johnson has previously been obstructed from appealing the denial of collateral attacks of his void sentence by the failure of the Cuyahoga County Court of Common Pleas and/or the Cuyahoga County Clerk of Courts to provide him with proper notice of the trial court's decisions, in violation of his Due Process protections under the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, [and] Sections 10 and 16 of the Ohio Constitution.

{¶ 2} Having reviewed the record and pertinent law, we vacate the sentence and remand for proceedings consistent with this opinion.

{¶ 3} On June 18, 2014, Johnson was indicted in an eight-count indictment. He was charged with four counts of rape in violation of R.C. 2907.02(A)(1)(b) (victim less than 13 years old), each with a furthermore clause specifying that the victim was under 10 years of age, and four counts of kidnapping in violation of R.C. 2905.01(A)(4), each with a furthermore clause specifying that the victim was under 18 years of age. All of the charges also contained sexually violent predator specifications. The primary charges were tried to a jury, and the sexually violent predator specifications were tried to the court. Johnson was found guilty of one count of rape of a child under 10, and one count of kidnapping of a victim under 18 years of age, and the court acquitted him of the sexually violent predator specifications. The court subsequently merged the rape and kidnapping counts as allied offenses, and the state elected to proceed to sentencing under the rape charge. The trial court sentenced Johnson to 25 years to life imprisonment.

**{¶ 4}** Johnson filed a direct appeal, challenging the evidence supporting the conviction as well as the efficacy of his trial counsel. This court affirmed. *See State v. Johnson*, 8th Dist. Cuyahoga No. 102047, 2016-Ohio-2622.

**{¶ 5}** On February 9, 2017, Johnson filed a pro se motion to correct a void sentence, arguing that his sentence was void under R.C. 2971.03(B). The trial court denied the motion. Johnson appealed, but the appeal was dismissed as untimely. He filed a motion for resentencing that was also denied. Johnson complained that he did not receive proper notice of the court's rulings, and on August 30, 2019, he filed another motion to vacate a void sentence. The trial court denied the motion.

**Motion to Vacate Sentence**

**{¶ 6}** In the first assigned error, Johnson asserts that his sentence is void because 25 years to life is not included as a sentencing option under R.C. 2971.03(B). In opposition, the state maintains that the sentence is permissible because R.C. 2971.03(B) vests trial courts with discretion to impose an indefinite sentence "anywhere within the range of fifteen years to life in prison."

**{¶ 7}** This court has previously recognized that no court has the authority to impose sentences that are void as a matter of law. *State v. Smith*, 8th Dist. Cuyahoga No. 106893, 2019-Ohio-155, ¶ 14, citing *State v. Lee*, 2018-Ohio-1839, 112 N.E.3d 65 (8th Dist.), and *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234. If a court imposes a prison term that does not comport with the controlling statutes, it is void. *Smith* at ¶ 25. In that event, principles of res judicata do not preclude appellate review. *Id.* at ¶ 15.

{¶ 8} Under R.C. 2907.02(B), a trial court imposing sentence for rape in violation of R.C. 2907.02 (A)(1)(b) where the victim is less than ten years of age, in lieu of sentencing the offender to a prison term or term of life imprisonment, may impose sentence pursuant to section 2971.03 of the Revised Code.

{¶ 9} R.C. 2971.03(A) expressly applies to "a person who is convicted of or pleads guilty to a violent sex offense and who is also convicted of or pleads guilty to a sexually violent predator specification that was included in the indictment[.]" R.C. 2971.03(B), however, makes no mention of a sexually violent predator specification and specifically applies to a person convicted under the child rape provision. *See State v. Johnson*, 8th Dist. Cuyahoga No. 93004, 2010-Ohio-2214, ¶ 11.

{¶ 10} Therefore, although R.C. 2971.03(A) provides for an indefinite prison term consisting of a minimum term of twenty-five years and a maximum term of life imprisonment where the defendant was convicted of or pleaded guilty to a sexually violent predator specification that was included in the indictment, absent a conviction for a sexually violent predator specification, the court looks to R.C. 2971.03(B). *See State v. Tschudy*, 9th Dist. Summit No. 24053, 2008-Ohio-4073, ¶ 6.

{¶ 11} R.C. 2971.03(B)(1) states, in relevant part:

[I]f a person is convicted of or pleads guilty to a violation of division (A)(1)(b) of section 2907.02 of the Revised Code committed on or after January 2, 2007, * * * and if the court does not impose a sentence of life without parole when authorized pursuant to division (B) of section 2907.02 of the Revised Code, the court shall impose upon the person an indefinite prison term consisting of one of the following:

(a) Except as otherwise required in division (B)(1)(b) or (c) of this section, a minimum term of ten years and a maximum term of life imprisonment.

(b) If the victim was less than ten years of age, a minimum term of fifteen years and a maximum of life imprisonment.

(c) If the offender purposely compels the victim to submit by force or threat of force, or if the offender previously has been convicted of or pleaded guilty to violating division (A)(1)(b) of section 2907.02 of the Revised Code or to violating an existing or former law of this state, another state, or the United States that is substantially similar to division (A)(1)(b) of that section, or if the offender during or immediately after the commission of the offense caused serious physical harm to the victim, a minimum term of twenty-five years and a maximum of life imprisonment.

{¶ 12} In this matter, Johnson was convicted of rape under R.C. 2907.02(A)(1)(b) (victim under 13 years old). The trial court declined to impose a sentence of life without parole under R.C. 2907.02, so R.C. 2971.03 governs the sentence. *State v. Bowers*, 1st Dist. Hamilton No. C-180317, 2019-Ohio-3207, ¶ 11. Johnson was also acquitted of the sexually violent predator specification so R.C. 2971.03(A)'s provision regarding an indefinite prison term of twenty-five years to life imprisonment is inapplicable herein.

{¶ 13} Turning to R.C. 2971.03(B), the jury found, in convicting Johnson of the furthermore clause, that Johnson's victim was less than ten years of age, as is relevant under the sentencing provisions set forth in R.C. 2971.03(B)(1)(b), i.e., 15 years to life. However, there was no separate finding that Johnson compelled the victim to submit by force or threat of force, no finding that he has previously been convicted of rape under R.C. 2907.02 or a substantially similar offense, and no

finding that Johnson caused serious physical harm to the victim, as is relevant under R.C. 2971.03(B)(1)(c).

{¶ 14} Because the jury did not find any of these elements, Johnson could not be sentenced to 25 years to life pursuant to R.C. 2971.03(B)(1)(c). Instead, under R.C. 2971.03(B)(1)(b), after declining to impose life without parole, the court was required to impose a sentence of 15 years to life because Johnson was charged with and convicted of the specification that the victim was under the age of ten. *Accord Bowers* at ¶ 13. *Accord State v. McMullen*, 9th Dist. Summit No. 26850, 2015-Ohio-1631 (where defendant was convicted of raping victim under ten years of age, term of 25 years to life was erroneous where the defendant was not convicted of a sexually violent predator specification, and there was no finding of force or physical harm); *State v. Gibson*, 2d Dist. Clark No. 2013 CA 112, 2014-Ohio-5573 (holding that if an individual is convicted of raping a child under the age of ten, sentencing options include life imprisonment without the possibility of parole, life imprisonment with the possibility of parole after fifteen years, or an indefinite prison term with a minimum of fifteen years). *See also Tschudy*, 2008-Ohio-4073 (where defendant was convicted of raping victim under ten years of age, term of 15 years to life was proper where the defendant was not convicted of a sexually violent predator specification, and there was no finding of force or physical harm); *In re N.S.,* 5th Dist. Coshocton No. 2016 CA 0005, 2017-Ohio-163 (same); *State v. Griffin*, 7th Dist. Mahoning No. 16 MA 0029, 2018-Ohio-251, ¶ 8-9 (same); *State v. Setty*, 12th Dist.

Clermont Nos. CA2013-06-049 and CA2013-06-050, 2014-Ohio-2340, ¶ 116-117 (same).

{¶ 15} We recognize that in *State v. Thomas*, 8th Dist. Cuyahoga No. 101797, 2015-Ohio-3226, this court upheld a rape sentence of 25 years to life and not 15 to life pursuant to R.C. 2971.03(B), but in that case, there was an additional finding of force. This distinction puts a different code provision into operation, R.C. 2971.03(B)(1)(c), which provides for greater minimum time, so *Thomas* is inapplicable herein. Similarly, in *State v. McGee*, 8th Dist. Cuyahoga No. 104566, 2017-Ohio-1363, this court also upheld a sentence of 25 years to life, but in that case the defendant's offense preceded the enactment of R.C. 2971.03.

{¶ 16} The state insists that the trial court had discretion to impose 25 years to life imprisonment, and that this term is a permissible sentence because it is essentially subsumed within an indefinite sentence of 15 years to life. However, the 25 years to life sentencing provision clearly pertains to convictions including a sexually violent predator specification under R.C. 2971.03(A). In circumstances such as this matter where the defendant has been convicted of the rape of a child under the age of ten, and there has been no other findings of force, physical harm, or prior rape convictions, 25 years to life is not an authorized sentence.

{¶ 17} Upon review, we sustain the first assigned of error, vacate the sentence, and remand the matter to the trial court to resentence Johnson in accordance with R.C. 2907.02(B) and 2971.03(B)(1)(b).

**Notice of Rulings**

{¶ 18} In the second assigned error, Johnson complains that the trial court failed to comply with Civ.R. 58 and that he did not receive notice of the court's rulings on his motions to vacate his sentence.

{¶ 19} Civ.R. 58(B) applies to civil matters and provides:

When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A).

{¶ 20} In *State v. Mayo*, 8th Dist. Cuyahoga No. 80216, 2002 Ohio App. LEXIS 2075 (Apr. 24, 2002), this court held:

Unlike a civil case (in which the clerk of court must provide written notice to the parties of the filing of a final judgment, Civ.R. 58(B)), in a criminal case, no written notice is required. The judgment is effective when entered on the journal by the clerk. Crim.R. 32(C). The time for filing an appeal runs from the date the order is entered, not from the date of notice. Compare App.R. 4(A) and App.R. 4(B)(4).

{¶ 21} Moreover, Crim.R. 32(C) provides that "[t]he judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk." *See also State ex rel. Ford v. Admin. Judge Cuyahoga Cty. C.P.*, 8th Dist. Cuyahoga No. 100053, 2013-Ohio-4197.

{¶ 22} In this matter, the judge signed the relevant rulings, and the clerk entered them on the journal, thereby complying with Crim.R. 32(C). Further,

App.R. 5(A) allows for delayed appeals in criminal cases, which is an adequate remedy in the ordinary course of the law. *Id.* at ¶ 6, citing *State ex rel. Hayes v. Winkler*, 131 Ohio St.3d 66, 2011-Ohio-6046, 960 N.E2d 954.

{¶ 23} We find no prejudicial error.

{¶ 24} The second assigned error is without merit.

{¶ 25} In accordance with all of the foregoing, the sentence for rape is vacated and the matter is remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for resentencing.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
PATRICIA ANN BLACKMON, PRESIDING JUDGE

LARRY A. JONES, SR., J., and
MARY EILEEN KILBANE, J., CONCUR