Miller, Judge.
 

 {¶ 1} We are presented with two questions. The first requires us to interpret R.C. 2971.03, in conjunction with R.C. 2907.02(B) to determine which sentencing options were available for the trial court's consideration. The second question presents a constitutional issue of whether judicial fact-finding that creates a middle sentencing option violates
 
 Alleyne v. United States
 
 ,
 
 570 U.S. 99
 
 ,
 
 133 S.Ct. 2151
 
 ,
 
 186 L.Ed.2d 314
 
 (2013), or
 
 Apprendi v. New Jersey
 
 ,
 
 530 U.S. 466
 
 ,
 
 120 S.Ct. 2348
 
 ,
 
 147 L.Ed.2d 435
 
 (2000). As to the constitutional issue, because neither the sentencing floor nor ceiling is raised, we hold that it does not. However, we reverse the sentence because the trial court was unaware of the shortest available sentencing option, and remand for resentencing among the three available sentencing options the court may impose: 15 years to life, 25 years to life, or life without parole.
 

 Procedural Posture and Facts
 

 {¶ 2} This is Adam Bowers's second appeal. Following a jury trial, Bowers was convicted of raping a child, in violation of R.C. 2907.02(A)(1)(b), with the accompanying specification that the child was under ten. He was also convicted of gross sexual imposition. In his first appeal, we held that the trial court had applied the wrong sentencing scheme when sentencing Bowers for rape.
 
 State v. Bowers
 
 , 1st Dist. Hamilton No. C-150024,
 
 2016-Ohio-904
 
 ,
 
 2016 WL 901119
 
 , ¶ 41-42 ("
 
 Bowers I
 
 "). We therefore reversed his sentence, remanded, and instructed the trial court to sentence Bowers in accordance with R.C. 2907.02(B).
 
 Id.
 
 at ¶ 42-43. We affirmed the convictions in all other respects.
 

 {¶ 3} On remand, the trial court concluded that it had two sentencing options-25 years to life or life without parole. The 25-years-to-life sentence was available only upon a finding that Bowers had purposely compelled his victim to submit by force or threat of force.
 
 See
 
 R.C. 2971.03(B)(1)(c). Based on the evidence adduced at trial, but not expressly found by the jury, the trial court imposed a 25-years-to-life sentence.
 

 Analysis
 

 {¶ 4} In his sole assignment of error, Bowers contends that his sentence is contrary to law because the trial court, and not the jury, determined facts necessary to impose the sentence-i.e., that Bowers had purposefully compelled his victim to submit by force or threat of force. Our standard of review is set forth in R.C. 2953.08(G)(2). We will not modify or vacate Bowers's sentence unless we clearly and convincingly find that it is contrary to law.
 
 See
 
 R.C. 2953.08(G)(2) ;
 
 State v. White
 
 ,
 
 2013-Ohio-4225
 
 ,
 
 997 N.E.2d 629
 
 , ¶ 11 (1st Dist.).
 

 {¶ 5} Bowers claims that, absent the trial court's impermissible finding, his sentence should have been 15 years to life. We agree with Bowers that 15 years to life should have been an available sentence.
 
 See
 
 R.C. 2971.03(B)(1)(b). However, we also agree with the state that 25 years to life was an available sentence.
 
 See
 
 R.C. 2971.03(B)(1)(c).
 

 {¶ 6}
 

 Statutory Construction.
 

 Bowers was convicted of rape of a minor under the age of 13, violating R.C. 2907.02(A)(1)(b). Bowers was also convicted of the accompanying specification that the minor was under ten. Because of the specification, the trial court had the option under R.C. 2907.02(B) of sentencing Bowers to life without parole. Division (B) refers the court to R.C. 2971.03 for lesser sentencing options.
 

 {¶ 7} We previously held that because Bowers was not convicted of a sexually violent predator specification, it was improper to sentence him under R.C. 2971.03(A).
 
 Bowers I
 
 , 1st Dist. Hamilton No. C-150024,
 
 2016-Ohio-904
 
 ,
 
 2016 WL 901119
 
 , at ¶ 42. Thus, we turn to R.C. 2971.03(B)(1) for the sentencing options in addition to life without parole.
 

 {¶ 8} In pertinent part, R.C. 2971.03(B)(1) provides,
 

 [I]f a person is convicted of or pleads guilty to a violation of division (A)(1)(b) of section 2907.02 of the Revised Code committed on or after January 2, 2007, if division (A) of this section does not apply regarding the person, and if the court does not impose a sentence of life without parole when authorized pursuant to division (B) of section 2907.02 of the Revised Code, the court shall impose upon the person an indefinite prison term consisting of one of the following:
 

 (a) Except as otherwise required in division (B)(1)(b) or (c) of this section, a minimum term of ten years and a maximum term of life imprisonment.
 

 (b) If the victim was less than ten years of age, a minimum term of fifteen years and a maximum of life imprisonment.
 

 (c) If the offender purposely compels the victim to submit by force or threat of force, or if the offender previously has been convicted of or pleaded guilty to violating division (A)(1)(b) of section 2907.02 of the Revised Code * * * or if the offender during or immediately after the commission of the offense caused serious physical harm to the victim, a minimum term of twenty-five years and a maximum of life imprisonment.
 

 {¶ 9} This statute affords three potential alternative sentences to life without parole. First, ten years to life is the default sentencing option. R.C. 2971.03(B)(1)(a). Second, 15 years to life is an available sentence where the victim was less than ten years old. R.C. 2971.03(B)(1)(b). Finally, a sentence of 25 years to life is an option upon a finding that the rape occurred through force or threat of force, the offender previously was convicted of raping a child, or the offender caused serious physical harm to the victim. R.C. 2971.03(B)(1)(c).
 

 {¶ 10} In this case, 15 years to life was available because Bowers's victim was less than ten years old-a fact determined by the jury.
 
 See
 
 R.C. 2971.03(B)(1)(b). The 15-years-to-life option became the statutory minimum because ten years to life is not available where either sentence in division (B)(1)(b) or (c) is available. R.C. 2971.03(B)(1)(a). Thus, the permissible sentencing floor was 15 years to life, and the ceiling was life without parole.
 

 {¶ 11} As painstakingly detailed in
 
 Bowers I
 
 , there was ample evidence that Bowers compelled his victim to submit by force.
 
 Bowers I
 
 , 1st Dist. Hamilton No. C-150024,
 
 2016-Ohio-904
 
 ,
 
 2016 WL 901119
 
 , at ¶ 4-6, 27. Accordingly, 25 years to life was also an available option under the statutory sentencing scheme. R.C. 2971.03(B)(1)(c).
 

 {¶ 12} While subsection (B)(1)(a) explicitly states that a ten-year minimum term is not an option if either 15- or 25-year minimum sentences are available, nothing in the language of the statute precludes a 15-year minimum term where a 25-year minimum term is also available.
 
 See
 

 State v. Lowe,
 

 112 Ohio St.3d 507
 
 ,
 
 2007-Ohio-606
 
 ,
 
 861 N.E.2d 512
 
 , ¶ 9 (holding that when construing a statute, the court first examines its plain language and applies the statute as written when the meaning is clear and unambiguous). Moreover, the introductory clause of the sentencing provision states that the trial court shall impose "one of the following"-not the longest sentence, affording the trial court discretion.
 
 See
 
 R.C. 2971.03(B)(1).
 

 {¶ 13} The dissent reads into this statute a nonexistent requirement that the trial court must impose the greatest of the available options. While the plain language of the statute does not require this, even any arguable ambiguity concerning sentencing options would require an interpretation that both the 15- and 25-year options were available. Pursuant to the rule of lenity, ambiguity in a sentencing statute cannot be interpreted so as to increase a minimum penalty.
 
 See
 

 State v. Elmore
 
 ,
 
 122 Ohio St.3d 472
 
 ,
 
 2009-Ohio-3478
 
 ,
 
 912 N.E.2d 582
 
 , ¶ 38 ("The rule of lenity is a principle of statutory construction that provides that a court will not interpret a criminal statute so as to increase the penalty it imposes on a defendant if the intended scope of the statute is ambiguous."). Thus, the availability of the 25-years-to-life option does not automatically remove the 15-years-to-life option.
 

 {¶ 14} Because the trial court was unaware that 15 years to life was an available option, we reverse Bower's sentence and
 remand for resentencing. However, this does not fully address the assignment of error because Bowers also argues that the trial court is constitutionally prohibited from making a factual finding to make the 25-years-to-life option available, and that the only options that should be available to the trial court on remand are 15 years to life or life without parole.
 

 {¶ 15}
 

 The Statute does not Violate
 
 Alleyne
 
 or
 
 Apprendi.
 
 We now consider whether a judge can constitutionally make a factual finding to support the imposition of the middle sentencing option of 25-years-to-life, as occurred below. Specifically, whether sentencing Bowers under R.C. 2971.03(B)(1)(c) without a jury finding of force violates the Sixth Amendment's prohibition against judicial fact-finding in sentencing as set forth in
 
 Alleyne
 
 ,
 
 570 U.S. 99
 
 ,
 
 133 S.Ct. 2151
 
 ,
 
 186 L.Ed.2d 314
 
 , and
 
 Apprendi
 
 ,
 
 530 U.S. 466
 
 ,
 
 120 S.Ct. 2348
 
 ,
 
 147 L.Ed.2d 435
 
 .
 

 {¶ 16} The Sixth Amendment to, and the Due Process Clause of, the United States Constitution guarantee a defendant's right to have a jury determine whether the state has proven each element of a crime beyond a reasonable doubt.
 
 Apprendi
 
 at 476-477,
 
 120 S.Ct. 2348
 
 . This protection is extended to facts that expose a defendant to a sentencing range greater than would be otherwise legally prescribed absent the additional fact.
 

 Id.
 

 at 490
 
 ,
 
 120 S.Ct. 2348
 
 . Hence, judicial fact-finding that informs sentencing violates the Sixth Amendment only where the fact alters the mandatory minimum or available maximum sentence.
 
 Alleyne
 
 at 2162-2163 ("The essential point is that the aggravating fact produced a higher range, which, in turn, conclusively indicates that the fact is an element of a distinct and aggravated crime.");
 
 Apprendi
 
 at 490,
 
 120 S.Ct. 2348
 
 , quoting
 
 Jones v. United States
 
 ,
 
 526 U.S. 227
 
 , 252-253,
 
 119 S.Ct. 1215
 
 ,
 
 143 L.Ed.2d 311
 
 (1999), (Stevens, J. concurring.) (" 'It is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed.' ");
 
 see
 

 State v. Willan
 
 ,
 
 144 Ohio St.3d 94
 
 ,
 
 2015-Ohio-1475
 
 ,
 
 41 N.E.3d 366
 
 , ¶ 13-15 (explaining
 
 Alleyne
 
 and
 
 Apprendi
 
 );
 
 State v. Mavrakis
 
 , 9th Dist. Summit No. 27457,
 
 2015-Ohio-4902
 
 ,
 
 2015 WL 7572381
 
 , ¶ 38-39.
 

 {¶ 17} In this case, the judicial finding of "force" under R.C. 2971.03(B)(1)(c) altered neither the mandatory minimum or available maximum sentence. Instead, it allowed the trial court a middle option of 25 years to life. The fact of "force" therefore did not have to be submitted to the jury and proven beyond a reasonable doubt.
 

 {¶ 18} The dissent's reliance upon
 
 State v. Louis
 
 ,
 
 2016-Ohio-7596
 
 ,
 
 73 N.E.3d 917
 
 (4th Dist.), and
 
 State v. Setty
 
 , 12th Dist. Clermont Nos. CA2013-06-049 and CA2013-06-050,
 
 2014-Ohio-2340
 
 ,
 
 2014 WL 2526073
 
 , is inapropos. Both addressed judicial findings of fact that increased the available maximum sentence by making life without parole an available sentence. Significant to our analysis is that life without parole was an available sentence without any additional findings of fact. Accordingly, a trial court would be free to consider evidence of force to impose a life without parole sentence.
 
 See
 
 R.C. 2929.12(B) (in imposing sentence, a court shall consider "relevant factors" to determine whether an offender's conduct is more serious than conduct normally constituting the offense).
 
 See also
 

 Alleyne
 
 at 2163 ("Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury. We have long recognized that broad sentencing discretion, informed by judicial fact finding, does not violate the Sixth Amendment.").
 

 {¶ 19} It would be problematic to conclude that even though a judicial fact-finding of "force" sub silentio is permissible to impose a maximum sentence, an express judicial fact-finding of "force" could not be used to make a lesser sentence available. To hold as the dissent suggests might subject a defendant to the maximum sentence by default where a trial judge decides the statutory minimum isn't sufficient punishment. And had the trial court agreed with the dissent that the middle option wasn't available and imposed life without parole, Bowers would likely be arguing that the middle option should have been available. Situational arguments do not make good law.
 

 Conclusion
 

 {¶ 20} While Bowers's sentence was not constitutionally infirm, we are compelled to reverse his sentence and remand for resentencing because the trial court erroneously believed 15 years to life was not an available sentence. It therefore erred in applying R.C. 2971.03(B)(1). We cannot say that the trial court would not have sentenced Bowers to 15 years to life had the court recognized that option was available. We therefore sustain Bowers's assignment of error, reverse his sentence, and remand for resentencing on the rape conviction based on the three available options.
 

 Judgment reversed and cause remanded.
 

 Deters, J., concurs.
 

 Zayas, P.J., concurs in part, dissents in part.