[Cite as *State v. Bowers*, 2019-Ohio-3207.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-180317 |
| | | TRIAL NO. B-1305688 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| ADAM BOWERS, | : | |
| | | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  August 9, 2019


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*The Farrish Law Firm* and *Michaela M. Stagnaro*, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1}   For the third time, defendant-appellant Adam Bowers appeals his sentence for one count of rape of a child under the age of ten.   Raising one assignment of error, Bowers argues that the indefinite prison term of 25 years to life is not authorized by statute, as that sentence requires a conviction for a forcible rape of a child, a prior conviction for rape of a child less than 13, or serious physical harm to the victim.   Because Bowers was not indicted for or convicted of any of the aggravating factors, the sentence is contrary to law.   To the extent that this court previously determined that the trial court's factual finding of force was permissible, we conclude that analysis violates the Sixth Amendment.   We sustain the assignment of error, and remand the matter for resentencing.

### Factual and Procedural Background

{¶2}   In 2013, Bowers was indicted and convicted by a jury for rape of a child under 13 with the additional specification that the child was under ten. *See State v. Bowers*, 1st Dist. Hamilton No. C-150024, 2016-Ohio-904, ¶ 38 ("*Bowers I*").   The verdict form signed by the jury included the express finding that the victim was under ten.   *Id.*   Bowers was not charged with or found guilty of purposefully compelling the victim to submit by force or threat of force, a prior conviction for rape of a child less than 13, or causing serious physical harm to the victim.

{¶3}   The trial court determined that a sentence of life without parole, as authorized by R.C. 2907.02(B), was not an appropriate sentence.   Instead, the court sentenced Bowers to an indefinite prison term of 25 years to life because the court mistakenly believed that that sentence was the mandatory alternative.   *Id.* at 42.   The court sentenced Bowers pursuant to R.C. 2971.03(A), which "applies only to a person who was convicted of or pleaded guilty to a sexually-violent-predator specification that was included in the indictment."   *Id.* at ¶ 41.   Because the court erred in

2

sentencing Bowers as a sexually-violent predator when he was not indicted for or convicted of being a sexually-violent predator, we reversed the sentence and remanded the matter to the trial court with instructions to resentence Bowers in accordance with R.C. 2907.02(B). *Id.* at ¶ 41-42. The judgment was affirmed in all other respects. *Id.* at ¶ 43.

{¶4} At the first resentencing, the trial court again decided not to impose a sentence of life without parole. The court imposed a sentence of 25 years to life, again mistakenly believing that the court only had that as a sentencing alternative. *See State v. Bowers*, 2018-Ohio-30, 102 N.E3d 1218, ¶ 4 (1st Dist.) ("*Bowers II*"). In reaching this decision, the trial court stated "based on all the evidence that I've read, and I read the transcript, and I'm going to choose the lesser of the two and keep the original sentence that was imposed by Judge Helmick, 25 years to life."

{¶5} Again Bowers appealed, arguing that the trial court erred in imposing a 25-year-to-life sentence because the proper sentence for raping a child under ten is 15 years to life under R.C. 2971.03(B)(1)(b). Bowers further contended that he could not be sentenced to a 25-year-to-life sentence under R.C. 2971.03(B)(1)(c) because he was not convicted of purposely compelling the victim by force or threat of force, had not previously been convicted of rape of a child less than 13, and had not caused serious physical harm. The state contended that the 25-year-to-life sentence was available because force was inherent in the rape of a child under ten.

{¶6} Neither party alleged or argued that the trial court made or could make a factual finding of force, and the record establishes that the trial court did not make any such factual findings. Nevertheless, this court sua sponte raised the issue, misconstrued the state's argument, and concluded that the trial court had made the factual finding of force, was authorized to make the finding, and a sentence of 25 years to life was a permissible sentencing option. *Id.* at ¶ 17. Based on this

erroneous belief, this court further opined in dicta that the trial court's finding of force did not violate Bowers's Sixth Amendment right to a trial by jury. *Id.* at ¶ 16-17.

{¶7} Ultimately, we vacated the sentence and remanded the cause to the trial court "because the trial court erroneously believed 15 years to life was not an available sentence." *Bowers II* at ¶ 20.

{¶8} At the second resentencing hearing, the trial court, for the third time, determined that a sentence of life without parole was not warranted, and considered two sentencing options: 15 years to life and 25 years to life. The trial court imposed a sentence of 25 years to life because it concluded that the original sentencing judge had given the appropriate sentence.

### Law and Analysis

{¶9} On appeal, Bowers argues the sentence of 25 years to life is not authorized because Bowers was not charged with or convicted of purposely compelling his victim to submit by force or threat of force, had not previously been convicted of rape of a child less than 13, and had not caused serious physical harm. We agree.

{¶10} R.C. 2971.03(B)(1) states, in relevant part:

[I]f a person is convicted of or pleads guilty to a violation of division (A)(1)(b) of section 2907.02 of the Revised Code committed on or after January 2, 2007, * * * and if the court does not impose a sentence of life without parole when authorized pursuant to division (B) of section 2907.02 of the Revised Code, the court shall impose upon the person an indefinite prison term consisting of one of the following:

(a) Except as otherwise required in division (B)(1)(b) or (c) of this section, a minimum term of ten years and a maximum term of life imprisonment.

(b) If the victim was less than ten years of age, a minimum term of fifteen years and a maximum of life imprisonment.

(c) If the offender purposely compels the victim to submit by force or threat of force, or if the offender previously has been convicted of or pleaded guilty to violating division (A)(1)(b) of section 2907.02 of the Revised Code or to violating an existing or former law of this state, another state, or the United States that is substantially similar to division (A)(1)(b) of that section, or if the offender during or immediately after the commission of the offense caused serious physical harm to the victim, a minimum term of twenty-five years and a maximum of life imprisonment.

R.C. 2971.03 (B)(1)(a), (b) and (c).

{¶11} Once the court determines that a sentence of life without parole is not appropriate, R.C. 2971.03(B)(1) governs the sentence. The statutory minimum sentence for a violation of R.C. 2907.02(A)(1)(b) is ten years. R.C. 2971.03 (B)(1)(a). If the offender was charged with and convicted of raping a child who was less than ten years old, the statutory minimum sentence is 15 years. R.C. 2971.03 (B)(1)(b). If the offender had a prior conviction for rape of a child, purposely compelled the victim by force or threat of force, or caused serious physical harm to the victim, then the statutory minimum is 25 years. R.C. 2971.03 (B)(1)(c).

{¶12} The trial court correctly concluded that R.C. 2971.03(B)(1) applied to Bowers because he was convicted of violating R.C. 2907.02(A)(1)(b), the offense was committed after January 2, 2007, and the court did not impose a sentence of life without parole.

{¶13} However, as previously noted, the form submitted to the jury did not require the jury to determine whether Bowers purposefully compelled the victim to submit by force or threat of force, had a prior rape conviction, or caused serious

physical harm. Because the jury did not find any of these elements, Bowers could not be sentenced to 25 years to life pursuant to R.C. 2971.03(B)(1)(c). Instead, under R.C. 2971.03(B)(1)(b), after declining to impose life without parole, the court was required to impose a sentence of 15 years to life because Bowers was charged with and convicted of the specification that the victim was under the age of ten. *See State v. Tschudy*, 9th Dist. Summit No. 24053, 2008-Ohio-4073, ¶ 6 (concluding that when the trial court does not impose a sentence of life without parole for a violation of R.C. 2907.02(A)(1)(b), "the trial court was then mandated to impose an indefinite term of fifteen years to life imprisonment."); *State v. Statzer*, 2016-Ohio-7434, 72 N.E.3d 1202, ¶ 30 (12th Dist.) (explaining that the sentencing options for a conviction under R.C. 2907.02(A)(1)(b) where the victim is under ten years of age are "an indefinite term of 15 years to life in prison, pursuant to R.C. 2971.03(B)(1)(b), or life without parole, pursuant to R.C. 2907.02(B)").

{¶14} Because the jury found Bowers guilty of raping a child under the age of ten, the sentence supported by the verdict was a sentence of life without parole or an indefinite sentence of 15 years to life. *See id.*

{¶15} The state contends that the law of the case doctrine applies to allow the trial court to impose a sentence of 25 years to life because this court concluded that that sentence was an available option in *Bowers II*. However, that conclusion was based on the erroneous determination that the trial court had made a factual finding of force, and its sua sponte analysis that the court's finding was constitutionally permissible. *Bowers II*, 2018-Ohio-30, 102 N.E3d 1218 at ¶ 11, 17. As previously noted, that analysis went beyond the facts presented to the court.

{¶16} "Expressions in court's opinions which go beyond the facts before the court" is considered dicta and not binding in subsequent cases. (Citations omitted.) *State v. Mason*, 2016-Ohio-8400, 111 N.E.3d 432, ¶ 32 (3d Dist.). "Dicta is not authoritative, and, by definition, cannot be the binding law of the case." *Gissiner v.*

*Cincinnati*, 1st Dist. Hamilton No. C-070536, 2008-Ohio-3161, ¶ 15, quoting *Episcopal School of Cincinnati v. Levin,* 117 Ohio St.3d 412, 2008-Ohio-939, 884 N.E.2d 561, ¶ 27. Consequently, this court's conclusion that the court's factual finding of force was constitutionally permissible was dicta and not controlling law. *See id.*

{¶17} To the extent that *Bowers II* opined that a trial court could make a finding of force, we reject that analysis as inconsistent with binding Supreme Court precedent. As the United States Supreme Court has explained, any "[f]acts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt." *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151, 2158, 186 L.Ed.2d 314 (2013). The jury found Bowers guilty beyond a reasonable doubt of rape of a child under the age of ten. The minimum sentencing range based upon the facts as found by the jury is 15 years to life. A factual finding of force by the trial court would raise the minimum sentence to 25 years to life in violation of the Sixth Amendment. *See id.* Earlier this year, the United States Supreme Court emphasized that "[a]s this Court has repeatedly explained, any 'increase in a defendant's authorized punishment contingent on the finding of a fact' requires a jury and proof beyond a reasonable doubt * * * ." *United States v. Haymond*, ___ U.S. ___, 139 S.Ct. 2369, 2379, ___ L.Ed.2d ___ (2019), quoting *Ring v. Arizona*, 536 U. S. 584, 602, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002).

{¶18} The *Bowers II* suggestion that a trial court may engage in judicial factfinding to increase the mandatory minimum sentence is inconsistent with *Alleyne* and *Haymond* and, is, accordingly, overruled.

### Conclusion

{¶19} We sustain the assignment of error, reverse the sentence and remand the matter to the trial court to resentence Bowers in accordance with R.C. 2907.02(B) and 2971.03(B)(1)(b).

Judgment reversed and cause remanded.

CROUSE, J., concurs.
BERGERON, J., concurs separately.

**Bergeron, J., concurring separately.**

{¶20} I respectfully concur separately to explain why I believe we must overrule a recent precedent from this court. That is a step that we should rarely take, and only when several factors point decisively in favor of overruling.

{¶21} Here, we have a perfect storm of factors that militate in favor of overruling: (1) our prior panel made a critical error in its determination of the record, which set this case down the wrong path to begin with; (2) we are dealing with significant constitutional protections; and (3) our prior decision stood at odds with recent United States Supreme Court precedent, as ratified by the Court in an intervening decision.

{¶22} First, at this point, it is undisputed that neither the jury nor the trial court ever made a determination that Mr. Bowers acted with force in the commission of his crime. Nevertheless, our jumping-off point in *Bowers II* was the premise that the trial court had so found. *Bowers II* at ¶ 17 ("[T]he judicial finding of 'force' under R.C. 2971.03(B)(1)(c) altered neither the mandatory minimum or available maximum sentence."). Because we erred in our assessment of the factual record in *Bowers II*, we are not bound by that determination in this appeal, notwithstanding the state's claim that law of the case constrains us. Law of the case only applies to legal holdings, rather than factual determinations. *Washington Mut. Bank v. Wallace*, 2014-Ohio-5317, 24 N.E.3d 779, ¶ 21 (12th Dist.) ("Since the law of the case applies only to legal questions, our statements regarding factual observations in *Wallace I* do not represent the law of the case."); *Orville Prods., Inc. v. MPI, Inc.*, 8th

8

Dist. Cuyahoga No. 65184, 1994 WL 258631, *3 (June 9, 1994) ("[T]he doctrine of law of the case pertains to legal questions, not factual questions."); *Evans v. Evans*, 1st Dist. Hamilton No. C-950628, 1996 WL 312477, *2 (June 12, 1996) (noting that a "factual determination" was not "a legal conclusion and it certainly did not become 'the law of the case' ").

{¶23} Thus, I would not characterize what we previously decided in *Bowers II* as "dicta," but rather would say that we committed an error regarding the record (which no one seriously disputes), and that, as a result, we are at liberty to consider the legal analysis anew because it was constructed on a false premise.

{¶24} Even acknowledging our prior error, I might have still (reluctantly) acquiesced in the prior result were it not for the constitutional magnitude of the right at stake and the precise direction that we have received from the United States Supreme Court, which we are obliged to follow on issues of federal constitutional law.

{¶25} That brings me to my second point—the constitutional dimension of the right at issue. In *Alleyne v. United States*, 570 U.S. 99, 103, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), the Supreme Court overruled *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), decided only about a decade beforehand. In so doing, the court explained that "[t]he force of *stare decisis* is at its nadir in cases concerning procedural rules that implicate fundamental constitutional protections." *Alleyne* at 116, fn. 5; *see id.* at 119 (Sotomayor, J., concurring) (noting that "the force of *stare decisis* is reduced" in light of "subsequent developments in constitutional law"). In other words, our scrutiny of errors in prior decisions must be heightened when dealing with constitutional safeguards, particularly the Sixth

Amendment. That explains why the Supreme Court would do an about-face and overrule one of its own relatively-recent decisions.

{¶26} And we take our cues—on federal constitutional rights—from the Supreme Court. With respect to its Sixth Amendment sentencing jurisprudence, its watershed decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), unleashed a fair amount of disarray in the sentencing arena. *Apprendi's* progeny did not proceed in a necessarily straight (nor really intuitive) path, as the *Harris/Alleyne* opinions illustrate. That uncertainty left lower courts guessing on a number of issues concerning the Sixth Amendment overlay for both federal and state sentencing regimes.

{¶27} With that backdrop, I return to *Bowers II* for my third point. Premised on its erroneous determination that the trial court had made a finding of force, our prior decision held that this created no constitutional concerns, but rather provided a menu of options to the sentencing judge (15 years to life, 25 to life, and life without parole). This vitiates both the design of the statute and constitutional doctrine.

{¶28} Consider, for example, if the jury had convicted Mr. Bowers for using force. Indeed, the Ohio Jury Instructions include a specific provision that pertains to "force," which requires additional findings. *See Ohio Jury Instructions*, CR Section 507.02(A)(1) (Rev. Jan. 1, 2011) ("If your verdict is guilty, you will separately decide beyond a reasonable doubt whether the defendant purposefully compelled [victim] to submit by force or threat of force."). If that had occurred, would we have said that the sentencing judge retained discretion to sentence below 25 years to life? No, of

course not. To suggest that would be to render the jury's determination simply advisory and leave courts unchecked by statutory sentencing mandates.

{¶29} But Mr. Bowers was not convicted for using force, which means that the only way that he could have been sentenced to 25 years to life is if the trial court made such a finding. Yet that runs into a constitutional blockade, because the Supreme Court has instructed that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Alleyne*, 570 U.S. at 103, 133 S.Ct. 2151, 186 L.Ed.2d 314. Glancing at the statute confirms this, because since Mr. Bowers's victim was less than ten years old, that triggered the applicability of R.C. 2971.03(B)(1)(b), which provides a "minimum term of fifteen years and a maximum of life imprisonment." Adding force to the equation increases the penalty, to "a minimum term of twenty-five years and a maximum of life imprisonment." R.C. 2971.03(B)(1)(c). This increase of the minimum penalty from 15 to 25 years implicates the Supreme Court's holding in *Alleyne*.

{¶30} Lest any doubt remained, however, the Supreme Court answered that in *United States v. Haymond*, ___U.S.___, 139 S.Ct. 2369, ___ L.Ed.2d ___ (2019). Surveying its prior precedent, the Court confirmed: "As this Court has repeatedly explained, any 'increase in a defendant's authorized punishment contingent on the finding of a fact' requires a jury and proof beyond a reasonable doubt 'no matter' what the government chooses to call the exercise." *Id.* at 2379, quoting *Ring v. Arizona,* 536 U.S. 584, 602, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). In other words, calling it a "sentencing enhancement," "judicial fact-finding," or any other name does not matter. *See id.* at 2377. What matters is whether the minimum or

maximum sentence is being increased and whether the fact necessary for that increase has been determined by the jury.

{¶31} Because the statutory minimum was increased without any finding by the jury, this violates the Sixth Amendment as determined by *Alleyne* and *Haymond*. In light of the clarity of this guidance from the Supreme Court, our prior decision must yield. Therefore, I join in the decision to overrule *Bowers II*.

Please note:

The court has recorded its own entry on the date of the release of this opinion.