[Cite as *Makrauer v. Hal Homes, Inc.*, 2020-Ohio-945.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| ZOLA S. MAKRAUER, | : | APPEAL NO. C-190256 |
| | | TRIAL NO. A-1806326 |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| HAL HOMES, INC., | : | |
| | | |
| Defendant-Appellee. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  March 13, 2020

*Cummins Law LLC, James R. Cummins* and *Maxwell J. Hopkins*, for Plaintiff-Appellant,

*Aronoff Rosen & Hunt* and *Edward P. Akin*, for Defendant-Appellee.

**MYERS, Judge.**

{¶1} Plaintiff-appellant Zola S. Makrauer appeals from the trial court's judgment granting a Civ.R. 12(B)(6) motion to dismiss filed by defendant-appellee Hal Homes, Inc., ("Hal Homes"). Because the trial court correctly determined that Makrauer's complaint was barred by the statute of repose, we affirm its judgment.

### *Makrauer's Complaint*

{¶2} In November 2018, Makrauer filed a complaint against Hal Homes asserting a claim for negligence. The complaint alleged that in 1985, Hal Homes constructed a condominium that is currently owned by Makrauer. Makrauer purchased the condominium in 1987 from its original owner.

{¶3} According to the complaint, Hal Homes negligently constructed the condominium by failing to connect the wood framing of the condominium to the concrete foundation. This resulted in the condominium moving independently from the foundation, caused cracking in the foundation, and allowed water intrusion. The complaint alleged that due to Hal Homes's negligence, the construction on the condominium was never substantially completed and Makrauer had to spend approximately $97,500 to repair the damage and bring the condominium to a state of substantial completion.

{¶4} Hal Homes filed a Civ.R. 12(B)(6) motion to dismiss, arguing that Makrauer's complaint was barred by the statute of repose. In opposing the motion to dismiss, Makrauer argued that the statute of repose had never begun to run because the construction on the condominium was never substantially completed. The trial court granted the motion to dismiss after determining that the statute of repose barred Makrauer's complaint. Makrauer now appeals.

***Statute of Repose***

**{¶5}** In a single assignment of error, Makrauer argues that the trial court erred in granting the motion to dismiss on the basis of the statute of repose.

**{¶6}** A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint. *Thomas v. Othman*, 2017-Ohio-8449, 99 N.E.3d 1189, ¶ 18 (1st Dist.). When ruling on a Civ.R. 12(B)(6) motion, the trial court is confined to the allegations in the complaint. *Id.* It must accept the complaint's factual allegations as true and must draw all reasonable inferences in favor of the nonmoving party. *Id.* We review the trial court's ruling on a Civ.R. 12(B)(6) motion de novo. *Id.* at ¶ 19. "A complaint should not be dismissed for failure to state an actionable claim unless it appears beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *Id.*

**{¶7}** A statute of repose bars "any suit that is brought after a specified time since the defendant acted * * * even if this period ends before the plaintiff has suffered a resulting injury." *Black's Law Dictionary* 1637 (10th Ed.2014). Whereas a statute of limitations sets a time limit for bringing a civil suit based on the date that the claim accrued, a statute of repose measures the time limit in which to bring a civil action "not from the date on which the claim accrues but instead from the date of the last culpable act or omission of the defendant." *Union Local School Dist., Bd. of Edn. v. Grae-Con Constr., Inc.*, 2019-Ohio-4877, 137 N.E.3d 122, ¶ 14-15 (7th Dist.), quoting *CTS Corp. v. Waldburger*, 573 U.S. 1, 8, 134 S.Ct. 2175, 189 L.Ed.2d 62 (2014).

**{¶8}** Ohio's construction statute of repose is set forth in R.C. 2305.131. It provides in relevant part:

> Notwithstanding an otherwise applicable period of limitations * * * no
>
> cause of action to recover damages for * * * an injury to real or

personal property * * * that arises out of a defective and unsafe condition of an improvement to real property * * * shall accrue against a person who performed services for the improvement to real property or a person who furnished the design, planning, supervision of construction, or construction of the improvement to real property *later than ten years from the date of substantial completion of such improvement.*

(Emphasis added.) R.C. 2305.131(A)(1).

{¶9} "Substantial completion" is defined in R.C. 2305.131(G) as "the date the improvement to real property is first used by the owner or tenant of the real property or when the real property is first available for use after having the improvement completed in accordance with the contract or agreement covering the improvement, including any agreed changes to the contract or agreement, whichever occurs first."

{¶10} Makrauer contends that the statute of repose has not yet begun to run because, due to the negligence of Hal Homes, the construction of her condominium was never substantially completed. She argues that R.C. 2305.131(G) sets forth two scenarios in which an improvement to real property will be deemed substantially completed: (1) the date that the improvement to the property is first used by the owner, or (2) when the real property is first available for use. She then asserts that both of these clauses are modified by the phrase "after having the improvement completed in accordance with the contract or agreement covering the improvement, including any agreed changes to the contract or agreement." Makrauer argues that neither of these two possibilities for substantial completion has yet occurred because the condominium was never completed in accordance with the contract or agreement covering the improvement, as is evidenced by the injury to the real property caused by Hal Homes's negligence. Hal Homes disagrees, and contends that the phrase

4

regarding the completion of the improvement being in accordance with the contract only applies to the latter clause in the statute that follows the word "or."

{¶11} When interpreting a statute, we must ascertain and give effect to the intent of the legislature in enacting the statute. *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 9. Legislative intent is determined from the plain language of the statute, and where a statute is unambiguous and definite, it must be applied as written "in a manner consistent with the plain meaning of the statutory language." *Id.*; *State v. Bowers*, 2018-Ohio-30, 102 N.E.3d 1218, ¶ 12 (1st Dist.).

{¶12} The language of R.C. 2305.131(G) is plain and unambiguous. The statute sets forth two separate scenarios in which an improvement to real property could be considered substantially completed, and provides that the earlier of these events to occur will be deemed the date of substantial completion. Per the plain language of R.C. 2305.131(G), an improvement to real property is substantially completed upon the earlier of (1) "the date the improvement to real property is first used by the owner or tenant of the real property" or (2) "when the real property is first available for use after having the improvement completed in accordance with the contract or agreement covering the improvement, including any agreed changes to the contract or agreement."

{¶13} These two clauses are modified by the word "or." "The word 'or' is primarily used as a disjunctive, and '[c]anons of construction ordinarily suggest that terms connected by a disjunctive be given separate meanings, unless the context dictates otherwise * * *.' " *O'Toole v. Denihan*, 118 Ohio St.3d 374, 2008-Ohio-2574, 889 N.E.2d 505, ¶ 51, quoting *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979). The use of the word "or" separating the two clauses in R.C. 2305.131(G) dictates that the phrase "after having the improvement completed in accordance with the contract or agreement covering the improvement, including any agreed changes to the contract or agreement" only modifies the latter clause.

{¶14} Applying the plain language of the statute as written, we find that Makrauer's condominium was substantially completed in 1985 when the original owner took occupancy. Makrauer's complaint for negligence, filed in 2018, was thus barred by the statute of repose.

{¶15} Because Makrauer's complaint indicates on its face that it is barred by the statute of repose, the trial court did not err in granting Hal Homes's Civ.R. 12(B)(6) motion to dismiss. Makrauer's assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

**MOCK, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.