[Cite as *Napier v. TriHealth, Inc.*, 2022-Ohio-3311.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| PATRICIA NAPIER, as the Executor of the Estate of Michael Napier and as the Personal Representative of Michael Napier, deceased, | : | APPEAL NO. C-220009 |
| | | TRIAL NO. A-2102427 |
| | : | |
| Plaintiff-Appellant, | : | *O P I N I O N.* |
| vs. | : | |
| TRIHEALTH, INC., | : | |
| and | : | |
| BETHESDA HOSPITAL, INC., | : | |
| Defendants-Appellees. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: September 21, 2022

*Thomas Law Offices, PLLC*, and *Louis C. Schneider*, for Plaintiff-Appellant,

*Rendigs, Fry, Kiely & Dennis LLP* and *Brian Goldwasser*, for Defendants-Appellees.

**ZAYAS, Judge.**

{¶1} Plaintiff-appellant Patricia Napier, as the executor of the estate of Michael Napier and as the personal representative of Michael Napier, deceased, ("Napier") brings this appeal to challenge the trial court's dismissal of her complaint against defendants-appellees TriHealth, Inc., and Bethesda Hospital, Inc., ("defendants"). For the following reasons, we reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion and the law.

## I. Factual and Procedural History

{¶2} On July 14, 2021, Napier filed a complaint against defendants, asserting claims for negligence, wrongful death, and punitive damages. The complaint alleged that Michael Napier underwent heart surgery at Bethesda North Hospital in November 2016, and was exposed to bacteria during the surgery from a heater-cooler unit within the surgical suite. As a result of the exposure, Michael developed an infection in his body which ostensibly caused his death. Napier asserted that the defendants knew of the exposure and knew of the severe risk that resulted from the exposure but failed to inform Michael that he had been exposed.

{¶3} On July 28, 2021, defendants filed a Civ.R. 12(B)(6) motion to dismiss Napier's complaint, asserting that Napier's claims were medical claims and therefore barred by the medical-claim statute of limitations and statute of repose. Additionally, defendants asserted that the complaint should be dismissed for failure to file an affidavit of merit under Civ.R. 10(D)(2). After responsive briefing, the trial court granted defendants' motion to dismiss on December 7, 2021. The trial court found that Napier's complaint contained medical claims and was therefore time barred by R.C. 2305.113(C), the medical-claim statute of repose. The trial court additionally found that Napier's complaint should be dismissed because Napier failed to file an

2

affidavit of merit with her complaint as required for medical claims by Civ.R. 10(D)(2). Napier timely appealed and now raises a sole assignment of error that the trial court erred in granting the defendants' motion to dismiss.

## II. Law and Analysis

### A. Standard of Review

{¶4}     " 'A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint.' " *Janson v. Christ Hosp. Inc.*, 1st Dist. Hamilton Nos. C-200047, C-200048, C-200050, C-200052, C-200053, C-200054, C-200055 and C-200056, 2021-Ohio-1467, ¶ 13, quoting *Makrauer v. Hal Holmes, Inc.*, 1st Dist. Hamilton No. C-190256, 2020-Ohio-945, ¶ 6. When ruling on a Civ.R. 12(B)(6) motion to dismiss, the trial court must accept all factual allegations as true—looking only to the allegations in the complaint—and draw all reasonable inferences in favor of the nonmoving party. *Id.*   To properly grant the motion, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts which would entitle him or her to recovery. *Id.*   This court reviews the trial court's dismissal of a complaint under Civ.R. 12(B)(6) de novo. *Id.*   " '[L]ike the trial court, we are constrained to take all of the allegations in the complaint as true, drawing all reasonable inferences in the plaintiff's favor.' " *Id.*, quoting *Battersby v. Avatar, Inc.*, 157 Ohio App.3d 648, 2004-Ohio-3324, 813 N.E.2d 46, ¶ 5 (1st Dist.).

### B. Medical Claims

{¶5}     In relevant part, a medical claim is defined as "any claim that is asserted in any civil action against a * * * hospital * * * that arises out of the medical diagnosis, care, or treatment of any person." R.C. 2305.113(E)(3).  R.C. 2305.113(A) provides a one-year statute of limitation for medical claims and R.C. 2305.113(C) provides a four-year statute of repose for medical claims.

3

### C. Test for Use of Medical Equipment as "Care"

{¶6} In *Conkin v. CHS-Ohio Valley, Inc.*, 1st Dist. Hamilton No. C-110660, 2012-Ohio-2816, ¶ 9, this court set forth the test for determining whether the use of medical equipment constituted "care" under R.C. 2305.113(E)(3). First, we must determine "if the equipment was used for 'the prevention or alleviation of a physical or mental defect or illness.' " *Id.*, quoting *Browning v. Burt*, 66 Ohio St.3d 544, 557, 613 N.E.2d 993 (1993). "Central to this analysis is whether the equipment was 'an inherently necessary part of a medical procedure' or if the use of the equipment 'arose out of a physician ordered treatment.' " *Id.*, quoting *Rome v. Flower Mem. Hosp.*, 70 Ohio St.3d 14, 16-17, 635 N.E.2d 1239 (1994). Second, "we must determine if the use of the equipment required a 'certain amount' of professional expertise or professional skill." *Id.*, quoting *Rome*.

### D. Napier's Complaint

{¶7} The pertinent section of Napier's complaint asserts, "During his surgery, Michael Napier was exposed to bacteria from equipment in the surgical suite. Specifically, Michael Napier was exposed to mycobacterium chimaera from a heater-cooler unit used in the surgical suite." While these allegations make it clear that the equipment in question was in use in the surgical suite at the time of the surgery, the allegations do not make it clear what the equipment was being used for.

{¶8} In determining that Napier's complaint contained medical claims, the trial court relied on *Fazzone v. W. Res. Care Sys.*, 7th Dist. Mahoning No. 90 C.A. 72, 1991 Ohio App. LEXIS 3246 (July 2, 1991). In *Fazzone*, the plaintiff's complaint alleged that she underwent surgery at a hospital and that, as a result of the hospital negligently failing to monitor and control its operating room, she–as well as several others who underwent surgery that day–suffered extensive infections in the incisional

4

areas. *Id.* at *1. The court said that the complaint, in essence, charged the hospital with "failing to provide a proper and sterile operating room for surgeons on its staff," and said that the "negligence of the hospital, if any, would have occurred as a result of a failure to provide a suitable operative suite for appellant's surgical procedure." *Id.* at *2, 4. Thus, the court concluded that the surgical suite, and the equipment provided by the hospital, were all "incidental to the medical care and treatment rendered to appellant." *Id.* at *4.

{¶9} Here, the claims are specific to one piece of equipment within the surgical suite, rather than the entire surgical suite, and there are no facts in the complaint which establish at this point in the case that the equipment was inherently necessary to the surgery or that the use of the equipment arose from the physician-ordered treatment. *See Lerner v. Broadview NH, LLC*, 2017-Ohio-8001, 98 N.E.3d 1014, ¶ 17-18 (10th Dist.) (holding that, although the evidence may ultimately prove the trial court's presumption correct, the complaint did not contain sufficient factual detail to characterize certain claims as medical claims at the pleading stage). Therefore, we hold that the trial court erred in finding that it was clear on the face of the complaint that Napier's claims were medical claims. Accordingly, we sustain the assignment of error.

### III. Conclusion

{¶10} Having sustained the assignment of error, we reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion and the law.

Judgment reversed and cause remanded.

**MYERS, P.J.,** and **WINKLER, J.,** concur.

Please note:
     The court has recorded its own entry this date.